WALKER v. DECATUR COUNTY.

1. **County**: BRIDGE OUT OF REPAIR: INJURY TO TRAVELER: EVIDENCE OF OTHER SAFE ROUTE. In an action for an injury sustained in crossing an unsafe county bridge, it was error to exclude evidence offered by the county to show that there was another equally convenient and perfectly safe route by which plaintiff might have reached his destination. *Parkhill v. Town of Brighton*, 61 Iowa, 103, followed.

2. ———: ———: ———: CONTRIBUTORY NEGLIGENCE: QUESTION FOR JURY. In such case it was error to instruct the jury that if there was another road which was safe and convenient, and the plaintiff knew that the bridge in question was unsafe, then plaintiff was, as a matter of law, guilty of contributory negligence in going over the bridge. The question of contributory negligence under the circumstances was for the jury to determine. See authorities cited in opinion.

*Appeal from Clarke District Court.*

FRIDAY, OCTOBER 23.

ACTION to recover damages because of an injury received by the plaintiff, caused by a defective county bridge. Trial by jury, and judgment for plaintiff. The defendant appeals.

*Bullock & Hoffman* and *Wright, Cummins & Wright*, for appellant.

*E. W. Curry, Samuel Forney, McIntire Bros.* and *Phillips & Day*, for appellee.

SEEVERS, J.—I. The plaintiff was injured by stepping into a hole in the bridge, which was out of repair, and the plaintiff so knew prior to the day when he attempted to cross it. The bridge had been so out of repair for some time. On the morning of the day of the accident, the plaintiff, with others, undertook to drive some hogs to Leon, the county seat, over the bridge, and the plaintiff was in advance of the hogs scattering straw over it at the time of the accident.

The defendant offered to prove on the trial "that plaintiff in this case could have reached his destination, being the

**1. COUNTY: bridge out of repair: injury to traveler: evidence of other safe route.** depot at Leon, Iowa, by going a different route, over a good road and across a good bridge, at least a half a mile nearer than he could have reached it by the road he did travel upon." An objection to this evidence that it was immaterial was sustained, and in so ruling appellant insists that the court erred. Counsel for the appellee insist that the ruling is right, because there is no evidence which tends to show that the plaintiff's destination was the depot in Leon. The offer assumes that the depot was his destination. Construing the offer fairly, it amounted to this: Upon the supposition that the plaintiff's destination was the depot in Leon, we offer to prove, etc. Now, the objection was that the evidence offered was immaterial. In sustaining it we think the court must have held that the evidence was immaterial upon the supposition or basis of the offer. It is conceded that the plaintiff's destination was Leon, but it was material, because of the location of the depot, that his destination should be at that particular place in the town. We, however, think there was some evidence that the plaintiff's destination was the depot. The plaintiff testifies that "it would be from where he started with the hogs one-half mile to main road north, and from there to Leon depot from three and a half to four miles." Besides this, we think that the jury might have come to the conclusion from the evidence that the hogs were to be delivered to the depot for shipment. Taking into consideration the form of the question, the objection thereto, the ruling, what the court and parties must have thought and intended the decision meant, its bearing on the introduction of evidence, and the whole evidence, we think the evidence offered should have been admitted. *Parkhill v. Town of Brighton*, 61 Iowa, 103.

II. The defendant asked the court to instruct the jury as follows: " If you find that plaintiff knew of the dangerous and unsafe condition of the bridge, and could have reached his destination as readily and conveniently by going upon a different road, the fact that he went

**2. ——: ——: contributory negligence: question for jury.**

upon this bridge of itself constitutes contributory negligence, and you should find for the defendant." This instruction was refused. The thought of the instruction is that if there was another road which was safe and convenient, and the plaintiff knew the bridge in question was unsafe, then the plaintiff was, as a matter of law, guilty of contributory negligence. The instruction goes much further than the one approved by this court in the *Parkhill Case;* for in that case the jury were required to find that it was imprudent for the plaintiff to go over a walk which he knew was dangerous, and in this will be found the vice of the instruction under consideration. The bridge in question was not barricaded; but from its location and situation the public were invited to pass over it. It is true that it was unsafe, and the time would come, and perhaps it had already come, when it would be imprudent for any person, in the exercise of reasonable discretion and prudence, to make the attempt to pass over it; but this was a question for the jury. The mere fact that it was unsafe would not of itself prevent a recovery. *Rice v. City of Des Moines,* 40 Iowa, 638; *Munger v. City of Marshalltown,* 59 Id., 763; *Ross v. City of Davenport,* 66 Id., 548; *Whitford v. Inhabitants of Southbridge,* 119 Mass., 564; *Humphreys v. Armstrong Co.,* 56 Pa. St., 204. It is possibly true that in none of the foregoing cases does it affirmatively appear that there was another safe and convenient way. But it is obvious, we think, that this fact cannot change the rule; for, as the bridge in question was open for travel, the material inquiry was whether the plaintiff, in making the attempt to pass over it, acted with ordinary care and caution, having a prudent regard for his own safety. The court did not err in refusing the instruction under consideration.

In view of a retrial, we deem it proper to say that instruction numbered $10\frac{1}{2}$ given by the court is erroneous, because it allows a recovery without reference to the question of the defendant's negligence. It may be that it was not sufficiently excepted to, as the plaintiff contends: and possibly, when

all the instructions are considered together, it cannot be said to be prejudicial. It would be improper to consider the question whether the verdict is excessive, and we are unable to discover any error in the record except as above stated.

REVERSED.