## KENDALL v. THE CITY OF ALBIA.

1. **Jurors:** QUALIFICATION: INTEREST AS TAX-PAYERS. Tax-payers in a city, though they be non-residents thereof, are so interested in the result of an action against the city that they are thereby disqualified to sit as jurors in such action. (*McGinty v. City of Keokuk*, 66 Iowa, 725, followed.)

2. **Personal Injury:** DAMAGES: EVIDENCE: MONEY PAID FOR SUBSTITUTE. In an action for a personal injury, plaintiff was allowed to testify as to the value of his time in the business in which he was engaged, and that because of such injury he was unable to attend to such business, and, against defendant's objection, that he was compelled to employ a man to attend to it for him, and that he paid him one dollar per day. The objection was based on the ground that plaintiff could not recover for his time, and also for what he paid the man; but *held* that the evidence was proper to go before the jury in determining the amount of plaintiff's damages, and that, since the number of days the man was employed was not shown, there could have been nothing more than a nominal amount allowed on that ground, and, therefore, at all events, plaintiff was not prejudiced by the evidence.

3. ———: ———: ———: COST OF NURSE. A person seriously injured through the negligence of another may procure a trained nurse, or other competent person, to take care of him, and may recover the cost thereof as a portion of his damages; and against such claim, evidence that he had a wife and a grown son and daughter, who could have given him necessary care and attention without expense, is not admissible.

4. ———: ———: ———: INTEREST IN FIRM. Where a member of a firm is injured through another's negligence, he is entitled to recover for the value of the time lost by him on account of the injury, and it is immaterial what the extent of his interest in the firm is, especially where it is not shown what the profits of the firm are.

5. ———: ———: ———: OBJECTING TO EVIDENCE ELICITED BY OBJECTOR. A party cannot object to evidence elicited by himself on cross-examination, nor to an explanation thereof upon a re-examination in chief.

6. ———: ———: ———: FUTURE MEDICAL ATTENDANCE. In an action for personal injury, evidence as to the reasonable expense of medical attendance required in the future is admissible.

7. ———: ———: MENTAL ANGUISH. In such case the plaintiff may recover for mental anguish suffered by him as the result of the injury. (*Ferguson v. Davis County*, 57 Iowa, 601, followed.)

8. ———: ———: FUTURE SUFFERING. In such case the court instructed as follows: "If the plaintiff, by reason of said accident, suffered

| 73 | 241 |
| 88 | 619 |
| 73 | 241 |
| 91 | 49 |
| 73 | 241 |
| 96 | 394 |
| 96 | 680 |
| 98 | 216 |
| 73 | 241 |
| 102 | 102 |
| 73 | 241 |
| 107 | 604 |
| 73 | 241 |
| f108 | 634 |
| 108 | 635 |
| 78 | 241 |
| d110 | 259 |
| 73 | 241 |
| 111 | 582 |
| 73 | 241 |
| 120 | 153 |
| 120 | 568 |
| 120 | 569 |
| 123 | 446 |
| 73 | 241 |
| 124 | 182 |
| 124 | 751 |
| 73 | 241 |
| f135 | 27 |
| 73 | 241 |
| 140 | 671 |
| d142 | 688 |
| 73 | 241 |
| 144 | 235 |

bodily pain and mental anguish to the present, and will so suffer in the future, then for such pain and anguish, past, present and future, you should allow him such sum as you think proper under the evidence, without proof of any special sum." *Held* no error, where, in the next instruction, the court further said: "With reference to future damages, you should be satisfied from the evidence that they will probably be sustained by the plaintiff." (*Fry v. Dubuque & S. W. R'y Co.*, 45 Iowa, 416, distinguished.)

9. ———: DEFECT IN SIDEWALK: KNOWLEDGE OF DEFECT: CONTRIBUTORY NEGLIGENCE: INSTRUCTION. In an action for a personal injury caused by a defective sidewalk, the court instructed as follows: "If the plaintiff had previous knowledge of the alleged defect in the walk, it was his duty to keep it in mind and look for it, unless there was something sufficient to divert his attention; and, if he failed to keep it in mind and look for it, he is guilty of negligence, and cannot recover, unless you find that he would have met with the accident had he kept the defect in mind. And if you find that before he reached said defect his foot slipped on a plank in the crossing, and he went into said defect by reason of the slip, and you find that up to the time he slipped he was using due care and caution in passing along said walk, and you find that he would not have met with the accident but for said slipping, then he was not guilty of contributory negligence." There was evidence that the walk was slippery, and that, just prior to reaching the defect, and when within a few feet of it, the plaintiff slipped, but immediately partially or wholly recovered himself, and stepped into the defect, and was injured. *Held* that the instruction properly submitted to the jury whether, in view of the slip, and the diverting of plaintiff's attention thereby, he was or was not guilty of contributory negligence.

10. ———: ———: ———: NEGLIGENCE IN USING WALK: INSTRUCTION. One is not, as a matter of law, guilty of negligence in using a sidewalk in a city which he knows to be defective, when he might cross the street and take another walk with safety, (*Walker v. Decatur County*, 67 Iowa, 307.) but the question is a proper one for the jury to consider in view of all the circumstances, and *held* that it was properly submitted by the instruction in this case, set out in the opinion.

*Appeal from Monroe District Court.*

THURSDAY, OCTOBER 27.

ACTION to recover damages for an injury received by the plaintiff by reason of a defective sidewalk. Trial by jury; verdict and judgment for the plaintiff, and defendant appeals.

*Henry L. Dashiell*, for appellant.

*T. B. Perry*, for appellee.

SEEVERS, J.—I.   Two persons were called as jurors, who were challenged by the plaintiff, upon the ground that they were tax-payers in the city.   The challenge was opposed by the defendant on the ground that the persons were non-residents of the city.   This objection was overruled, and the challenge sustained.   It is the pecuniary interest of the persons called that disqualifies them.   Their place of residence is immaterial.   (*McGinty v. City of Keokuk*, 66 Iowa, 725.)

<span style="float:left">1. JURORS:<br>qualification:<br>interest as<br>tax-payers.</span>

II.   The plaintiff was allowed to testify as to the value of his time in the business in which he was engaged; and, against the objection of the defendant, he was permitted to testify that, because of such injury, he was unable to attend to such business, and was compelled to employ a man to attend to it for him, and that he paid him one dollar a day; but it does not appear how much he so paid.   It is objected that this latter evidence was erroneously admitted, because, if he is allowed the value of his time, it is all he is entitled to recover, and, if allowed the amount paid the person employed, he would recover double damages.   We are unable to concur in this view.   It must be confessed that on its face it has an appearance of injustice, but we think it is not really so.   It was proper to place before the jury all the facts and circumstances bearing on the question of damages, to aid them in determining the amount the plaintiff was entitled to recover. The jury was vested with a large discretion in such matter under the instructions of the court, which we think are correct.   The jury was not directed to take into consideration the amount paid for the services of the person employed, but was directed to consider the loss of time and the inability of the plaintiff to earn money.   The court in the charge directed the jury to take into consideration the fact that plaintiff was compelled to employ physicians and nurses, and for this reason the jury would naturally conclude that the fact that the plaintiff had employed and paid a man for attending to

<span style="float:left">2. PERSONAL<br>injury: dam-<br>ages: evi-<br>dence: money<br>paid for sub-<br>stitute.</span>

his business was not of much practical importance. This must be true, for the reason that the length of time the man was employed and so paid does not appear. Therefore the jury could not have allowed more than a nominal amount therefor. Therefore we do not think the defendant was in any respect prejudiced by the admission of the evidence.

III. The plaintiff testified that he hired and paid a man for nursing him. He also testified that he had a wife and a grown son and daughter. The defendant offered to prove that the plaintiff's family "could have given the care and attention he was needing without expense." The evidence was rejected by the court. There is some evidence that the plaintiff and his wife and family, for some sufficient reason, it should be assumed, were not living together, and therefore the evidence was not admissible. But, in any view, we think the proposed evidence was immaterial. Upon the supposition that the plaintiff was injured as he claimed, we do not think he was required to have his family take care of him, without regard to the question of their competency, but that he could, if he saw proper, procure a trained nurse or other competent person to take care of him, and that, if he did so, the defendant cannot insist that the expense incurred was unnecessary, on the sole ground that he should have been nursed by his family without expense.

3. ——: ———: cost of nurse.

IV. One ground of damages claimed in the petition is that the plaintiff was disabled by the injury from attending to his ordinary business, and he testified that he was a member of the firm of M. & J. W. Kendall, and he was asked by the defendant what the interest of each member of the partnership was. This was objected to, and the court said: "In the present state of record the objection will be sustained; but whenever proof is allowed of the profits of the firm, by way of damage, then proof will be admitted of the interest of each partner." What the court meant by profits we are at a loss to know, for the reason that it is regarded as doubtful whether the plaintiff

4. ——: ———: interest in firm.

could have shown what the profits in his business amounted to. It seems to us that as far as he could go in this direction was to show the value of his time. In the absence of evidence, the presumption would be that he was an equal partner in the partnership. It is true his interest may have been less; but he was nevertheless, as against the defendant, entitled to the value of his time, without reference, we incline to think, to the extent of his interest in the partnership. If in error in this, it does not seem to us the defendant could be prejudiced by the rejection of the proposed evidence.

V. The plaintiff testified, without objection, that his services were worth in his business $200 per month. On cross-examination he testified: "I can get $200 per month. I can get more than that; I can get $2,500 for my time outside of my business, if I was able." On redirect examination the witness testified that he meant he could command the sum stated for superintending or managing the lumber business,—not his own business, but that of some one else. Thereupon the defendant objected to the evidence as incompetent. It is difficult to understand what evidence is objected to. In argument, it is said that the objection was to the evidence as to the $2,500, but this was introduced by the defendant, and we are unable to see how it can complain of what was done. The re-examination of the witness was simply explanatory, and really amounted to nothing. The objection, in fact, was to evidence introduced by the defendant, and it was therefore properly overruled.

*5. ——: ——: objection to evidence elicited by objector.*

VI. Evidence was introduced, against the objection of the defendant, tending to show the "reasonable expense of further medical attendance." It was for the jury to say whether such attendance in the future would be required. It therefore seems to us competent to prove the probable value of such services.

*6. ——: ——: ——: future medical attendance.*

VII. In the eighteenth paragraph of the charge, the

court said to the jury:  "If you find that by reason of such ?. ——: ——: accident the plaintiff was injured; that he suf-
mental an-
guish.         fered a fracture of the small bone of his leg;
that he was injured internally; that he suffered injury to his
left lung; that he was for a time insensible; that he suffered
pain and mental anguish; that he suffered a shock to his
nervous system,—these are matters which you should con-
sider in assessing the amount the plaintiff is entitled to
recover." It is said this instruction is erroneous because the
jury were told that they could consider the mental anguish
suffered by the plaintiff, in determining the amount he was
entitled to recover as compensatory damages.  But this court
has expressly held otherwise. (*Ferguson v. Davis Co.*, 57
Iowa, 601.)  The court clearly, in our judgment, meant, and
the jury must have understood, that such mental anguish as
was caused by the injury should be considered by the jury.

VIII.  The jury were instructed that "if the plaintiff,
by reason of said accident, suffered bodily pain and mental
s. ——: ——: anguish to the present, and will so suffer in the
future suffer-
ing.          future, then for such pain and anguish, past,
present and future, you should allow him such sum as you
think proper under the evidence, without proof of any
special sum." It is said that this instruction is the same
as the one condemned in *Fry v. Dubuque & S. W. R'y
Co.*, 45 Iowa, 416, and it must be confessed that there is
much similarity between them, but we think the instruction
under consideration is hardly as broad as that in the cited
case.  But, conceding that they are substantially identical as
to the recovery of future damages, the court, in an instruction
following the one under consideration, said to the jury:
" With reference to future damages, you should be satisfied
from the evidence that they will probably be sustained by
the plaintiff." The rule is that, when the charge consists of
several paragraphs, the whole should be read and considered
together.  Especially is this so where there is more than one
paragraph upon the same subject.  That is in relation to

damages. If, then, the two instructions are read and con-
strued together, they are · undoubtedly correct, and clearly
come within the rule established in *Fry's Case.* It is also
objected that the court instructed the jury that the plaintiff
could recover for future mental anguish, and that no case
can be found which so holds, nor has counsel cited us to a
case which holds that such a recovery cannot be had. If the
future mental anguish is caused by the injury, we are
unable to see why the plaintiff should not be compensated
therefor, for the same reason that damages may be recovered
for such anguish suffered up to the time of trial. If any
damages in the future may be recovered, we see no reason
why mental anguish caused by the future condition of the
injury should not be considered.

IX. The court instructed the jury as follows: "(17) If
the plaintiff had previous knowledge of the alleged defect in
the walk, it was his duty to keep it in mind and
look for it, unless there was something sufficient
to divert his attention; and, if he failed to keep
it in mind and look for it, he is guilty of negli-
gence, and he cannot recover, unless you find that he would
have met with the accident had he kept the said defect in
mind. And if you find that before he reached said defect
his foot slipped on a plank in the crossing, and he went into
said defect by reason of the slip, and you find that up to the
time he slipped he was using due care and caution in pass-
ing along said walk, and you find that he would not have
met with the accident but for said slipping, then· he was not
guilty of contributory negligence."

This instruction is said to be erroneous for two reasons:
*First*, it is said something might have occurred to divert the
plaintiff's attention, as a reason why he failed to keep the
defect in mind and look for it; *second*, it states that if before
the plaintiff reached the defect his foot slipped on a plank in
the crossing, and· he went into the defect by· reason of the
slip, then he is not guilty of contributory negligence. It is

*9. ——: defect in sidewalk: knowledge of defect: contributory negligence: instruction.*

said there is no evidence on which either of the propositions can be based. The evidence shows that the plaintiff had knowledge of the defect, and was passing along by it after night, when the walk was slippery; and there is evidence tending to show that just prior to reaching the defect, and when within a few feet of it, the plaintiff slipped, but immediately partially or wholly recovered himself, and stepped into the defect, and was injured. Now, we think it was for the jury to say whether, under the circumstances, he was using due care and caution. The slip on the walk may, in the judgment of the jury, have diverted for the moment his attention, and so as to the effect of the slip. If he stepped into the defect because of the slip, and he, up to the time he slipped, was using due care and caution, then he cannot be said to have been negligent, and this, it seems to us, was a question for the jury. It will be observed the instruction does not say he "slipped into the defect;" but that if, "by reason of the slip, he went into the defect." It seems to us it was proper to submit to the jury the effect the slip may have had upon the conduct and care exercised by the plaintiff immediately following it. It may or may not have been sufficient to relieve the plaintiff from negligence, and it seems to us clear that, by reason of its occurrence, we cannot say, as a matter of law, that the plaintiff was negligent in not observing the defect in the walk, and this is what we are asked to do if we should approve the instructions asked by the defendant and refused by the court. We think there is evidence upon which the instruction under consideration can be properly based. What we have said is sufficient, we think, to show that the fourteenth instruction is not erroneous. We do not deem it necessary to refer to the third instruction asked and refused, and the eighth given, except to say that, in our opinion, the latter is correct.

X. The court instructed the jury as follows: "(16) If

you find from the evidence that the plaintiff, at the time he passed over the walk, well knew that the walk was unsafe, and that it was imprudent to do so at that time, in consequence of the darkness, or for any other cause, and with this knowledge he still persisted in passing over it, though there was another walk which he might have taken in going in the direction he desired to go, then his own negligence contributed to the injury, and he cannot recover. But if you find that, although he had knowledge of said defect, but believed that it might be passed by the exercise of ordinary care, and that he did not believe it was imprudent to go upon said walk, and pass along the same, and had the right as a reasonably prudent man to so believe, then he was under no obligation to take another walk; and his not doing so, or his going upon the walk where the said defect existed, would not be negligence. The plaintiff, in the selection of the walk to be used by him, if he had knowledge of the alleged defect, was under legal obligation to act as an ordinarily careful and prudent man would. So, in passing along said walk, he must walk as an ordinarily prudent man would walk. He must use his eyes, and act carefully and prudently, considering all of the circumstances surrounding him. If he did so, and met with an accident which was caused by the negligence of the city, then he can in law recover for the damages sustained. If he did not use such care and prudence, and met with an accident, then he cannot recover, although the city may also be negligent."

This instruction is objected to on the ground that the court should have held, as a matter of law, that the plaintiff was guilty of contributory negligence, because, knowing the walk to be unsafe, he did not cross the street as he might have done with safety. This, we think, is a mistake, and that it was proper to submit this question to the jury, and that the instruction is correct. (*Walker v. Decatur Co.*, 67 Iowa, 307, and cases cited.)

XI.   The twelfth and thirteenth instructions are objected to, but we do not think the objections are seriously pressed. If, however, we are wrong in this, we have a clear conviction that they are not only abstractly correct, but that they are clearly applicable to the evidence.   We do not think it necessary to set them out, or state our reasons for this conclusion at length.

It is urged at some length, and no doubt with full conviction of its correctness, that the verdict is not supported by the evidence, and that it is contrary to the instructions.   We have given the evidence careful attention, and feel unable to concur with counsel in this respect.

We have endeavored to consider and determine the most important errors discussed by counsel, but the points made are so numerous that it may be we have not referred to some of the minor reasons urged by counsel in support of his view.

We think the judgment must be

AFFIRMED.