F. O. Nichols v. The Incorporated Town of Laurens, Appellant.

**Contributory Negligence: COURT AND JURY.** Though one have another
1  route, substantially as convenient, and yet takes a walk which he knows has a plank out of it, he is not guilty of contributory negligence as matter of law, if he believes, reasonably, that he can pass in safety, with ordinary care, and uses such care.

**Interrogatories.** It is proper to submit an interrogatory to the jury
2  which inquires whether plaintiff in approaching and going over a crossing used the ordinary care which a reasonably prudent man would use under like circumstances.

*Appeal from Pocahontas District Court.*—Hon. Lot Thomas, Judge.

Friday, December 13, 1895.

Action at law to recover damages for a personal injury. From a judgment on a verdict for the plaintiff, the defendant appeals.—*Affirmed*.

*R. M. Wright* for appellant.

*Helsell & Gilchrist* for appellee.

Rothrock, J.—I. On the fourth day of January, 1894, the plaintiff was engaged in the general merchandise business in the incorporated town of Laurens. On the evening of that day, while walking along a street crossing in said town, he fell, and dislocated one of his ankles, and broke one of the bones in

his leg below the knee. He brought this action against
the town to recover damages for the injury, and
claimed the right to recover on the ground that his
injury occurred by reason of a defect in the street cross-
ing. The injury was received while going from his
place of business to his residence. His store was
located on a corner on the west side of Third street.
His residence was on the east side of said street, and
about two blocks south of his store. At about equal
distances from his house and place of business, there
was a cross street known as "Olive Street." On one
corner on the north side of the cross street there was
a church building fronting on Third street, and
immediately across Third street there was another
church fronting on the same street. The street cross-
ing, where the injury was received, was laid across
Third street from one of the church lots to the other.
The crossing was quite generally used. There was a
street crossing from the plaintiff's store across to the
east side of Third street which was in good repair, and
there was a sidewalk from the east end of that crossing
along the east side of Third street, down to Olive
street; so that the plaintiff, in going from his home to
his place of business, had two routes very nearly equal
in distance. The distance by the east side of the street
was a few steps further, because the store door was
not quite opposite to the cross walk. At the time the
injury was received, the plaintiff went down the west
sidewalk, and at the church on the corner he turned to
the east, and received the injury while crossing to the
side of the street where his home was situated. This
was nearly a block north of his home. There is no real
dispute that there was a defect in the crossing. It
was about three feet wide, constructed of boards two
inches thick. The boards were twelve inches wide.
Some time before the injury, about eight feet of the
middle board was broken and removed, so that at that

point, and at about the middle of the broken space there was a hole or depression between the two outside boards, variously estimated, by the witnesses in the case, as from two to twelve inches in depth. The accident occurred after nightfall, and there was a strong wind from the north, and some snow falling. The streets, sidewalks, and crossings were smooth on account of ice, and there had been ice on the crossing at the church corners for some time. There is no doubt that the jury were fully warranted in finding that the authorities of the town were negligent in permitting the hole in the crossing to remain open, and that it was a sufficient defect to authorize a recovery against the town for an injury received by any one, unless the person injured, by his own negligence, contributed to produce the injury. And we have given a particular statement of the location of the plaintiff's place of business and his home, because the principal question in the case is whether the defendant has any right to recover by reason of his knowledge of the defect in the crossing, and the claim by defendant that he should have crossed from his store to the east side of the street, and avoided the defective crossing. In other words, the real question in the case is whether the plaintiff's own negligence contributed to his injury. And the only question of negligence to be considered relates to the defect by reason of the broken boards. The court rightly instructed the jury that there was no evidence of any negligence of the defendant in permitting the ice or snow to accumulate and remain on the crossing.

II. The plaintiff moved into the house on the east side of the street in November previous to the accident. From that time he passed daily from his home to his store, to and from his meals, until the time of the accident. Sometimes he traveled one side of the street, and sometimes the other. He knew that part of the

middle board of the crossing had been broken and removed. He had examined the defect made by its removal. His wife fell at that place some days before he was injured, and he then examined the defect. These and other undisputed facts disclosed in evidence show without question that he knew of the defect and its extent. It does not appear that any one was at any time injured by reason of the defect until the plaintiff received his injury. We cannot recite the testimony of the witnesses examined on the trial. There is much in the evidence as to the velocity of the wind on that evening, and as to whether the night was dark, or whether it was light, so that plaintiff could see the defect. But there is little doubt that plaintiff intended to cross just where he did. It is contended with great vigor on the part of the appellant that the evidence of contributory negligence is so conclusive that the jury were wholly unwarranted in returning a verdict for plaintiff, and many of the cases upon the question of contributory negligence decided by this court are cited either by appellant or appellee. And many adjudged cases of other courts are cited. The main contention of appellant is that plaintiff should have either crossed over to the east side of the street at his store, or that he should have passed the defective crossing, and crossed over the street south of it. The main reliance of appellant in support of the claim made in its behalf is that the evidence and the petition in the case show that the plaintiff knew that the crossing was not only defective, but that it was dangerous. The court instructed the jury upon the question as follows:

"(8)If you find from the evidence that the plaintiff, at the time he passed over the crossing, knew that it was unsafe or in a dangerous condition, and that it was imprudent to do so at that time, in consequence of the darkness, or of the walks or crossings being covered with ice or snow, and the condition of the wind,

or for any other cause, and, with this knowledge, he persisted in passing over the crossing in question, and if there was another walk which he might have taken in going to the place where he desired to go, then he would be guilty of contributory negligence which contributed to the injury, and he cannot recover; but if you find that although the plaintiff had knowledge of the defective condition of the crossing, but believed that it might be passed in safety, by the exercise of ordinary care, and he did not believe that it was imprudent to go upon said crossing and pass along the same, and had the right, as a reasonably prudent man, to so believe, then he would not be chargeable with negligence in going upon the crossing where the defect existed. The plaintiff, in the selection of the walk to be pursued by him, was under legal obligation to act as a man of ordinary prudence and care. So, in passing over the crossing, he was required to walk as an ordinarily prudent man would walk, considering his knowledge of the condition of the planks in the crossing, and of its icy and slippery condition, the darkness of the night, the condition of the wind, and all circumstances surrounding him. If he did so, and while passing over or along the crossing, his foot slipped and went into the hole in the crossing, and by reason thereof he was injured, and if the same was caused by the negligence of the defendant in permitting the crossing to be or remain in that condition, then he can recover the damages sustained. If he did not use such care and prudence, and met with an accident, then he cannot recover, even though the defendant may have been negligent." We do not understand counsel for appellant to combat the rule as expressed in this instruction, but it is contended that the evidence conclusively and without conflict shows that the act of the plaintiff in attempting to cross the street was negligent, imprudent, and without excuse, and that by rea-

son thereof it should have been held by the court as matter of law, that he was not entitled to recover. We do not agree with that proposition. We think under the evidence, which we will not review, that the jury were warranted in finding that the plaintiff did not preclude himself from recovery by attempting to make the crossing. And it is unnecessary to review all of the cases cited. The instruction we have above set out is in line with all cases where the question whether the party should have taken another way is considered. In the case of *Parkhill v. Town of Brighton,* 61 Iowa, 103 (15 N. W. Rep. 583), it was held that the court erred in refusing to give an instruction to the effect that if the plaintiff knew that the walk was unsafe, and that it was imprudent to pass over it, though there was another walk which she might have taken, she could not recover. In that case the plaintiff testified that she knew the walk "was in a terrible bad condition." In *McGinty v. City of Keokuk,* 66 Iowa, 725 (24 N. W. Rep. 506), the same rule was adopted; and in *Fulliam v. City of Muscatine,* 70 Iowa, 436 (30 N. W. Rep. 861), substantially the same doctrine was held. In *Hartman v. City of Muscatine,* 70 Iowa, 511 (30 N. W. Rep. 859), it was held that because, by the undisputed evidence, plaintiff knew when he made the attempt to cross the place that it was dangerous, and that he ought to have taken another way the court should have given an instruction upon the question whether it was prudent to attempt to cross over the place of the injury. It is recognized in all the cases cited that the mere fact that the plaintiff knew the place of the injury was dangerous, and that there was another safe and convenient way, will not prevent a recovery. *Rice v. City of Des Moines,* 40 Iowa, 638; *Walker v. Decatur County,* 67 Iowa, 307 (25 N. W. Rep. 256). In the last-named case it was held that it was error to instruct the jury that if there was another

road which was safe and convenient, and the plaintiff knew the bridge where the injury was received was unsafe, then plaintiff was, as a matter of law, negligent, and that the question of contributory negligence should have been submitted to the jury to determine. This case was followed in *Kendall v. City of Albia*, 73 Iowa, 241 (34 N. W. Rep. 833), and an instruction was approved which, in substance, was the same as the instruction given in this case which is above set out. We need not further review cases on this question.

III. The court upon the request of the defendant, submitted a number of special interrogatories to the jury. One of them was as follows: "Was there another safe and equally convenient way for the plaintiff to take at the time of the accident?" The jury answered this in the negative. It is urged that this was manifestly without any support in the evidence. If it were to be conceded that the claim is well founded, it would not work a reversal of the judgment, for the very satisfactory reason that the fact found was not inconsistent with the general verdict, founded, as it must have been, on the theory that the plaintiff was not negligent or imprudent in passing over the crossing. The jury found, in answer to a special interrogatory propounded by the plaintiff, that in approaching the crossing, and going over the same, the plaintiff used ordinary care, such as a reasonably prudent man would use under such circumstances. It is said that this interrogatory was improper, and ought not to have been submitted to the jury. We do not think that the objection to the interrogatory is well taken, but, in any event, it was without prejudice. If it was a conclusion of law, it was just such a conclusion as the jury were required to reach in order to find the general verdict they did find.

Other objections are made by appellant which we do not think demand special consideration. The judg-ment of the district court is *affirmed*.