FRED V. BARNES v. THE TOWN OF MARCUS, Appellant.

**Contributory Negligence: JURY QUESTION.** While one who passes over a sidewalk must use his senses and the caution of persons who have ordinary prudence, he is not bound at his peril, to discover every open defect. To render him guilty of contributory negligence, as a matter of law, it must appear that he knew that it was unsafe to pass over the walk, and that there was another, which he might have as well taken to go to his destination.

**SAME.** That one who was passing over a walk, at the same time plaintiff did, negligently stepped upon a loose board, thus causing plaintiff to be injured, will not defeat plaintiff's recovery.

**SAME.** It is not prejudicial to charge that contributory negligence depended on plaintiff's *well* knowing that the walk was dangerous, especially when it is also said to be sufficient if plaintiff *knew* the walk to be in that condition.

**Special Interrogatories** which are not first submitted to opposing counsel and are such as do not call for answers which are in any way decisive, are properly refused.

**Damages.** Held not to be excessive.

*Appeal from Cherokee District Court.*—HON. FRANK R. GAYNOR, Judge.

FRIDAY, JANUARY 24, 1896.

Action at law to recover damages for injuries sustained by plaintiff, growing out of a fall upon a sidewalk in the defendant town, which the defendant negligently and carelessly allowed to become rotten and out of repair. Verdict and judgment for plaintiff and defendant appeals.—*Affirmed.*

*Lewis, Holmes & Beardsley* and *A. R. Molyneux* for appellant.

*E. C. Herrick* and *Benjamin Radcliffe* for appellee.

Deemer, J.—The petition, in substance alleges
that plaintiff received a permanent and serious injury
while walking along one of the streets of the defend-
ant town, by reason of a dangerous and defective side-
walk, which defendant negligently and carelessly
allowed and permitted to remain out of repair and in
an unsafe condition for foot travelers; that plaintiff,
while passing over said walk, in company with another
person, was tripped by a loose plank, one end of which
was stepped upon by his companion, while the other
flew up in front of plaintiff, thus causing him to fall
and receive the injuries of which he complains; that
plaintiff did not, by any want of care on his part con-
tribute to the injury; and that the accident was wholly
due to the carelessness and negligence of defendant
in permitting said walk to be and remain in an unsafe
and dangerous condition. The defendant, among
other things, pleaded, in its answer, that the accident
was due to the plaintiff's own negligence in passing
over the walk, the condition of which he well knew,
and to the negligence of his companion, with whom he
was walking, who carelessly stepped upon the
plank, which raised up and caused the plaintiff's
fall. The plaintiff moved to strike from the
answer all allegations with reference to the negli-
gence of the person with whom he was walking. This
motion was sustained, and error is assigned on this
ruling. It is well settled that the negligence of a
third person is no defense, if the negligence of the
defendant in fact contributed to or had a share in
producing the injury, unless there is some ground for
imputing the negligence of this third person to the
plaintiff. If the negligence of the defendant con-
tributed to, it must necessarily have been an immediate
cause of, the accident; and it is no defense that another

was likewise guilty of wrong. This rule is so elementary as scarcely to need the citation of authorities to sustain it. But see *Railway Co. v. Cummings,* 106 U. S. 700 (1 Sup. Ct. Rep. 493); *Clark v. Soule,* 137 Mass. 380, Cooley, Torts (2d Ed.) p. 824; *Chacey v. City of Fargo* (N. D.) 64 N. W. Rep. 932. Of course, if there be any reason for identifying the third person with the plaintiff, so that the negligence of the one might be imputed to the other, then there could be no recovery, because of contributory negligence. We are, then, brought to the inquiry of what there is in this case which furnishes the grounds for holding that the negligence of the person walking with plaintiff should be imputed to him. We find in the record absolutely nothing except the statement that the parties were walking down street together. The only common purpose they were engaged in was in passing along the street in the same direction and at the same time. Surely, this is not enough to identify the one with the other in such manner as to hold either responsible for the negligence of the other. The point is squarely decided adversely to appellant in the case of *Nesbit v. Town of Garner,* 75 Iowa, 314 (39 N. W. Rep. 516). See, also, *Larkin v. Railroad Co.,* 85 Iowa, 492 (52 N. W. Rep. 480). The case of *Payne v. Railroad Co.,* 39 Iowa, 523, is in no proper sense in conflict with the rule we have announced. So far as disclosed by the pleading, these persons were not engaged in a common purpose. They were, it is true, doing the same thing,—that is, passing over the walk at the same time; but this is no reason for imputing the negligence of one to the other. The court was clearly right in sustaining the motion.

II. Several errors are complained of in the admission and rejection of testimony. We will not set them out, for it would but incumber the opinion

with a useless restatement of elementary rules of evidence. Most, if not all, the questions to which objections were sustained were asked upon cross-examination, and were, as a general thing, outside of the well-known rules. Some of them called for conclusions of the witnesses, as distinguished from ultimate facts. And all matters inquired about, which were proper, were brought out and fully proven during the progress of the trial. We discover no prejudicial error.

III. The defendant asked the court to submit certain special interrogatories to the jury. The record shows, however, that these interrogatories were handed to the judge who tried the case out of court, and he rejected them on his own motion. They were never submitted to counsel on the other side, as the Code (section 2808) requires, and for that reason, if for no other, the court was justified in refusing to submit them. *Crosby v. Hungerford,* 59 Iowa, 712 (12 N. W. Rep. 582). But, aside from this, the interrogatories did not call for ultimate questions of fact which were in any way decisive of the case, and for this reason, as well as for the other, were properly refused.

IV. Some of the instructions are complained of because they do not recognize the negligence of plaintiff's companion as a good defense. We have said all we care to on this proposition, except to observe that there was nothing in the evidence to indicate that these persons should be so identified as to make the third person's negligence contributory.

V. The eleventh instruction was as follows: "Paragraph 11. Upon this branch of the case, you are further instructed, that, if you find, from the evidence, that the defendant was negligent in permitting the sidewalk to remain in the condition in which you find it was at the time the plaintiff fell, and that said

walk was at said time in a dangerous and unsafe condition for travel, and you further find, from the evidence, that the plaintiff, at the time he attempted to pass over the walk, well knew this fact, and that it was imprudent for him to attempt to pass over it at the time he did attempt to pass over it for any reason, and with this knowledge he still persisted in passing over it, although there was another walk which he might have taken in going in the direction which he desired to go, then his own negligence contributed to his injury, and he cannot recover. That is, if you find, from the evidence, that the plaintiff knew, at the time he attempted to pass over the walk, of the negligence of the defendant, and that the walk was in a dangerous and unsafe condition, and that it was imprudent for him to attempt to pass over it in company with Ballard, as the evidence shows he did attempt to pass over it, and yet, notwithstanding this fact, and the knowledge he had concerning the danger, he did attempt to pass over it and was injured in so doing, and you find that there was another walk which he might have taken in going in the direction he desired to go, which was perfectly safe for travel, then he was negligent in so attempting to pass over such walk and cannot recover." This is objected to because of the use of the words "well knew." It is also objected to because it requires both knowledge of its condition, and of the impropriety in attempting to pass over, before plaintiff could be said to be guilty of contributory negligence in going upon it in preference to taking another walk. Further, it is said, the instruction is faulty because, under it, to defeat plaintiff's right of recovery, it must appear that the walk was dangerous, that plaintiff knew it was imprudent to pass over it, and that there was another walk he might have taken to reach his destination;

and it is contended that it was not necessary to show all of these things, but that the first two would suffice to defeat recovery. The instruction seems to be modeled upon, if not copied from, one approved by this court in the case of *Kendall v. City of Albia*, 73 Iowa, 241 (34 N. W. Rep. 833). It also finds support in the following: *Parkhill v. Town of Brighton*, 61 Iowa, 103 (15 N. W. Rep. 853); *Walker v. Decatur County*, 67 Iowa, 307 (25 N. W. Rep. 256); *Rice v. City of Des Moines*, 40 Iowa, 642; *McGinty v. City of Keokuk*, 66 Iowa, 725 (24 N. W. Rep. 506); *Hartman v. City of Muscatine*, 70 Iowa, 511 (30 N. W. Rep. 859). But, aside from these authorities, we do not think the use of the adverb "well," taken in connection with what follows, made the instruction objectionable. It means no more than "fully," as here used; and the distinction between "known," and "well or fully known," is rather too refined to induce a court to consider the use of the one or the other a defect which will vitiate an instruction. The case of *Galpin v. Wilson*, 40 Iowa, 91, is quite in point. In that case it is held that there is no material difference between the words "proven," and "fully, conclusively, or satisfactorily proven." This paragraph from the opinion is applicable here: "This difference is merely in words, and not in the essential meaning of the two. The jury could not find that fraud was proven, unless they were satisfied of that fact from the evidence. If an appellate court should reverse judgments upon such criticism of instructions, it would probably reverse every judgment in cases where any instructions were given."

The other objections urged against the instruction are fully met by the authorities cited. It is well settled that all the matters referred to in the instruction must be shown to concur before it can be said, as a matter of law, that a plaintiff is guilty of contributory negligence. *Ross v. City of Davenport*,

66 Iowa, 548 (24 N. W. Rep. 47); *Baldwin v. Railroad Co.*, 63 Iowa, 210 (18 N. W. Rep. 834); *Parkhill v. Brighton*, 61 Iowa, 103 (15 N. W. Rep. 853).

VI. It is further contended that the court did not fully instruct as to what it was necessary for plaintiff to show in order to recover, and that the court erred in not defining ordinary care. These objections are not sustained by the record. The court explicitly instructed, both as to the necessary elements of plaintiff's case, and also as to what would constitute negligence or the want of ordinary care.

VII. Defendant presented a number of instructions, embodying the thought that, if plaintiff knew, or ought to have known by the exercise of reasonable diligence, that the walk was unsafe, or if he knew, or in the exercise of reasonable diligence ought to have known, that it was imprudent for him to pass over the same, and if there was another walk by which he could have reached his destination in a convenient way, then he would be guilty of contributory negligence. These instructions all relate to the care which plaintiff should have used in passing over the walk. The thought embodied in them as to the degree of care required of plaintiff, in so far as it is correctly expressed, was quite fully and clearly embodied in the instructions given by the court on its own motion, and we think that most of the instructions asked impose too rigid a rule upon the traveler. True, he must use his senses, and the care and caution common to persons of ordinary prudence, in passing over a walk; but he is not bound, at his peril, to discover every defect, although it may be an open one. He has the right to assume that the corporation has done its duty, and maintained its walks in a reasonably safe condition for travel, and is not absolutely bound to have knowledge of every danger which may lurk therein; nor is he to be held guilty of negligence, as a

matter of law, if he passes over a walk which he knows, or ought to have known to be dangerous. One is not bound to stay indoors because the sidewalks may be out of repair. *Alleghany County v. Broadwaters* (Md.) 16 Atl. Rep. 223; *Harris v. Clinton Tp.*, 64 Mich. 447 (31 N. W. Rep. 425); *Bullock v. City of New York*, 99 N. Y. 655 (2 N. E. Rep. 1); *Fulliam v. City of Muscatine*, 70 Iowa, 436 (30 N. W. Rep. 861); *Walker v. Decatur County*, 67 Iowa, 307 (25 N. W. Rep. 256). All that is required of him is ordinary care, and the court cannot say, as a matter of law, that one is guilty of contributory negligence who fails to discover a defect which is dangerous. An unguarded, unbarricaded walk is an invitation to one to go upon it; and the city cannot be heard to say that one is guilty of negligence, as a matter of law, who accepts the invitation. True, after going upon the walk, the traveler is required to use ordinary and reasonable care to avoid dangers; but no more than this is required. The whole matter was a question of fact for the jury, and not a matter of law for the court, except as stated in the eleventh instruction, before quoted. We think the instructions, as a whole, quite fully cover the case, and announce rules for the guidance of the jury which are in strict accord with the views here expressed. We see no error either in the instructions given or in the refusal to give those asked. *Lowell v. Watertown Tp.*, 58 Mich. 568 (25 N. W. Rep. 517); *Fulliam v. City of Muscatine, supra; Millcreek Tp. v. Perry* (Pa. Sup.) 12 Atl. Rep. 149; *Kelly v. Town of Blackstone* (Mass.) 18 N. E. Rep. 217; *Templeton v. Montpelier*, 56 Vt. 328; *Nichols v. Town of Laurens*, 96 Iowa, 388 (65 N. W. Rep. 335).

VIII. Lastly, it is insisted that the verdict is excessive, and that it is not sustained by the evidence. It is practically conceded by counsel that the defendant was guilty of negligence, so that the whole case,

in the first instance, turned upon the alleged contributory negligence of the plaintiff. There is nothing to show that the plaintiff knew that the walk was dangerous, or that there was any impropriety in passing over it at the time and in the manner he did. The defect was not such as to arrest the attention of the passer-by. Indeed, it may well be questioned whether it was obvious to the senses even upon close inspection, without trying the ends of the boards; but, however this may be, the jury were fully justified in finding that plaintiff was not guilty of contributory negligence. The verdict, while large, —it being, for three thousand six hundred and fifty-eight dollars,—is sustained by the evidence, if the testimony on the part of the plaintiff and his witnesses is to be accepted; and we cannot interfere. We discover no prejudicial error in the record, and the judgment is *affirmed*.