G. W. SYLVESTER v. THE INCORPORATED TOWN OF CASEY, Appellant.

**Sidewalks:** CONTRIBUTORY NEGLIGENCE: *Jury question.* Where plaintiff was injured by falling on a section of inclined sidewalk, there being no evidence that the plaintiff regarded the walk as dangerous, whether he was guilty of contributory negligence in venturing thereon after a light snowfall, when he could have avoided danger by going around, was properly submitted to the jury.

*Intoxication.* That plaintiff was intoxicated when injured is not evidence of contributory negligence unless his intoxication aided in causing his injury.

NEGLIGENCE: *Inadmissible evidence.·* Evidence of subsequent repairs of the sidewalk is inadmissible to show the city's negligence.

Instructions: EVIDENCE. An instruction on a condition of facts not sustained by the evidence was properly refused.

Quotient Verdict. A verdict for damages arrived at by each of the jurors setting down an amount between two amounts fixed by agreement as maximum and minimum and dividing the total of the amounts set down by 12, is invalid, as the parties are entitled to the unbiased judgment of each juror.

Objection Below: *Reviewing admission of testimony.* Admissibility of evidence will not be reviewed where it was not objected to, and no motion to strike the answer was made.

*Appeal from Guthrie District Court.*—HON. JAMES D. GAM-
BLE, Judge.

FRIDAY, JANUARY 19, 1900.

ACTION to recover for personal injuries, caused by a fall on a defective sidewalk. From a verdict and judgment in plaintiff's favor, defendant appeals.—*Reversed.*

*F. H. Noble* and *J. D. Brown* for appellant.

*C. A. Berry* and *Sever & Neal* for appellee.

WATERMAN, J.—Logan street is an east and west high-way in the town of Casey, which is crossed at right angles by McPherson street. At the southwest corner of these two streets is a business block belonging to one Valentine, and in front of this block, on Logan street, is the walk of which complaint is made. The west ten feet of this piece of walk are laid upon an incline, the descent towards the west in this distance varying according to witnesses from ten inches to nearly or quite two feet. The walk was constructed of boards laid transversely, except that on this incline a trap door some nine feet long was set in the walk next the building, and this was constructed of boards running

VOL 110 Ia—17

lengthwise with the walk. This trapdoor was hung on ordinary strap hinges that were laid on the surface of the boards. Plaintiff claims to have been permanently injured by slipping and falling on this incline on the third day of March, 1896.

I. No complaint is made in argument of the finding that the town was negligent in maintaining this walk; so we may accept that element of plaintiff's case as established. It is, however, strenuously insisted that plaintiff was guilty of contributory negligence. The walk was upon a business street. Plaintiff was familiar with it, having passed over it many times before. A very light snow had fallen a night or two before the accident, which occurred about noon. Plaintiff says he noticed the walk as he attempted to pass over it; that there was nothing to distract his attention, and that he could and did see its condition; that other persons appeared to have used it that day, and worn most of the snow off. As he stepped on the incline, he slipped and fell. There is evidence to show that he could have left the walk, and gone into the street, ten to fifteen inches below, and passed around this declivity. On this state of facts it is argued, on the authority of *Parkhill v. Town of Brighton,* 61 Iowa, 103, and kindred cases, that plaintiff was guilty of contributory negligence as matter of law in attempting to use this walk. But it will be observed that one element involved in those cases is absent here. It does not appear that plaintiff knew there was danger in passing down this incline. The instruction in *Parkhill v. Town of Brighton* which we held it was error to refuse, founded the obligation of plaintiff to take another way, if a safe and convenient one were open, not upon his knowledge alone of the defect, but also upon his appreciation of its danger. This element is to be found in all the succeeding decisions which follow that case. See *McGinty v. City of Keokuk,* 65 Iowa, 725; *Walker v. Decatur County,* 67 Iowa, 308; *Fulliam v. City of Muscatine,* 70 Iowa, 436;

*Hartman v. City of Muscatine,* 70 Iowa, 513; *Dale v. Webster County,* 76 Iowa, 370; *Kendall v. City of Albia,* 73 Iowa, 248; *Barnes v. Town of Marcus,* 96 Iowa, 676; *Homan v. Franklin County,* 90 Iowa, 185. In *Walker v. Decatur County,* cited above, this court said, with relation to an instruction asked: "The thought of the instruction is that, if there was another road, which was safe and convenient, and the plaintiff knew the bridge in question was unsafe, then the plaintiff was, as matter of law, guilty of contributory negligence. The instruction goes much further than the one approved by this court in the *Parkhill Case;* for in that case the jury was required to find that it was imprudent for plaintiff to go over the walk, which he knew to be dangerous, and in this will be found the vice of the instruction under consideration." After citing some cases, the court proceeds: "It is possibly true that in none of the foregoing cases does it affirmatively appear that there was another safe and convenient way. But it is obvious, we think, that this fact cannot change the rule; for, as the bridge in question was open for travel, the material inquiry is whether the plaintiff, in making the attempt to pass over it, acted with ordinary care and caution." Again, in *Kendall v. City of Albia, supra,* where it was shown that plaintiff had previous knowledge of the existence of the defect by which he was injured, and the question of contributory negligence was submitted in an instruction to the jury, we said: "This instruction is objected to on the ground that the court should have held as matter of law that the plaintiff was guilty of contributory negligence, because, knowing the walk to be unsafe, he did not cross the street, as he might have done with safety. This, we think, is a mistake, and that it was proper to submit the question to the jury." See, also, *Rice v. City of Des Moines,* 40 Iowa, 638. It is true that in some cases the nature of the defect is such that we will hold a plaintiff who knows of its existence to an appreciation of its risk and danger, as matter of law.

This was done in *Cosner v. City of Centerville,* 90 Iowa, 33. In the case at bar there was no evidence to show that plaintiff regarded the walk as dangerous, or considered it imprudent to go upon it, at the time he did; nor are we able to say from the facts that such knowledge should be imputed to him. The question of his negligence in this regard was properly left to the jury. *Barce v. City of Shenandoah,* 106 Iowa, 426, is not in conflict with this position, for it is there found that plaintiff, when she used the walk, not only knew of the defect, but had knowledge of the danger in so passing over it.

II. Complaint is made of the trial court's refusal · to give an instruction asked by defendant with relation to the effect to be given by the jury to the fact that plaintiff was intoxicated at the time of the accident. There was evidence tending to show this fact. The instruction is quite lengthy. We need set out but a single sentence. The jury was told, "Intoxication is evidence of contributory negligence, and from it alone you may infer contributory negligence." We regard this as an incorrect statement of the law. Unless it appears to have been negligent for plaintiff to be on the walk in an intoxicated condition, or unless the evidence shows that his intoxication in some way aided in bringing about his injury, his condition would not be available to the town as a defense. *Cramer v. City of Burlington,* 42 Iowa, 315. In speaking on this subject in *Ward v. Railway Company,* 85 Wis. 601 (55 N. W. Rep. 771) the supreme court of Wisconsin said: "Drunkenness is not negligence *per se,* nor unless it contributes to the accident or injury. If it did not, then it is a matter of no concern to the defendant."

III. Instruction No. 5 asked by defendant was refused by the court, and upon this action error is assigned. It is the thought of this instruction that, if plaintiff's fall was caused in part by the slant in the walk, and in part by the snow and ice accumulated thereon, the town would not

be liable, unless it had notice of the existence of such snow and ice.    There is no evidence that there was any ice on the walk when plaintiff fell, and for this reason the instruction was properly refused.   Defendant's counsel, in argument, go beyond the rule announced in the instruction, and claim that, if snow on the walk aided in causing plaintiff's fall, he cannot recover, even though the walk was laid on a dangerous incline, and such slope was a partial cause also.   This is not the law.   *Hodges v. City of Waterloo,* 109 Iowa, 444; *Ford v. City of Des Moines,* 106 Iowa, 94.   What we have said we think sufficiently indicates our reason for now remarking that the charge of the court was correct, and there was no error in refusing to give the instructions asked, of which there were several other than those we have specially mentioned.   The errors assigned are so numerous, we deem it best not to notice them all in detail.   The general rules we have announced cover all complaints of the charge to the jury.

IV.   The court, over defendant's objection, permitted plaintiff to introduce evidence showing that defendant had made a change in the walk after the accident.   Because of the result on another point, we do not feel called upon to say more on this subject than that the matter discussed is not presented by the record.   In one instance the question was not objected to and no motion was made to strike the answer, and in another the ground of the objection is not broad enough to cover the point sought to be made. It may be well, however, for us to say, in view of the new trial, which we find must be had, that evidence of subsequent repairs is not admissible as tending to show negligence on defendant's part.   *Cramer v. City of Burlington,* 45 Iowa, 627.

V.   We come next to the objection to the verdict.   It is said that it was reached by an agreement between the jurors that each should set down an amount between two sums, which were fixed upon as a maximum and minimum,

and the total of the amounts so given be divided by twelve, and this quotient should be the verdict for the plaintiff. This, it is claimed, was done, and the affidavits of two of the jurors support this claim. Plaintiff, in resistance, filed the joint affidavit of six jurors, who testify that, while this plan was pursued, there was no previous agreement of all the jurors to be bound by the result. They expressly say, however, that "a larger share of the jurors did so agree prior to so voting and dividing as aforesaid." Two of the signers of this affidavit afterwards, on oral examination before the court, asserted that there was an agreement among all the jurors that they would be bound by the amount so fixed. We think a fair inference from all that is said is that there was at least a tacit understanding among all the jurors that they would abide the result. It is not necessary, however, that it be shown that every member of the jury was a party to the agreement to be bound. It is enough to vitiate the verdict if the greater number so agreed, and that is shown here without dispute. *Ruble v. McDonald,* 7 Iowa, 90; *Meserve v. Shine,* 37 Iowa, 253. The thought of these cases is that a party is entitled to the independent and unbiased judgment of each juror. While such an illegal verdict may be repudiated, and a valid one found as the result of due deliberation, a subsequent assent to it is not alone sufficient to purge it of illegality. *Thompson v. Perkins,* 26 Iowa, 486. Not even this much was done in the case at bar. No formal vote was taken after the quotient was made known. The most that is claimed is that the amount produced was talked over somewhat and tacitly assented to. There are a few other matters, not likely to again arise, which, for that reason, we do not mention. For the misconduct of the jury in arriving at a verdict, the judgment is REVERSED.

GRANGER, C. J., not sitting.