NEWY ORK,
May, 1807.

Heneshoff
v.
Miller and
Miller.

December; and on that day the defendant filed his plea of discharge, by way of a plea *puis darrein continuance,* with an affidavit of the truth of the facts set forth in the plea, of which an entry was made in the minutes of the court, by order of the judge. A copy of the plea was tendered on the same day to the attorney of the plaintiffs, who refused to accept it. The plaintiffs again gave notice of trial, for the last April sittings, but the cause was not called on.

*Benson* now moved that all further proceedings in the cause be stayed, until the plaintiffs reply to, or otherwise answer the plea put in by the defendant.

*Munro,* contra, objected, that the plea was put in too late, a term having intervened between the time of the defendant's discharge and the filing of the plea, which could not, therefore, be received as a plea *puis darrein continuance.* It might have been otherwise, had the fact pleaded arisen during or after the term, and before the circuit.

*Benson,* in reply. The court have allowed a defendant to plead his discharge, on payment of costs.* In the case of *Broome* v. *Beardsley,*† the court said that continuances were from term to term, and they allowed the defendant to plead his discharge *nunc pro tunc.*

* 2 *Caines,*
380. *Shaw* v.
*Wilmerden.*
† 3 *Caines,*
172.

## Heneshoff *against* Miller and Miller.

Amendment to
a declaration
in trover al-
lowed, after is-
sue joined, by
substituting
the word hy-
son skin for
hyson (tea.)

THIS was an action of *trover.* The cause was noticed for trial at the sittings after last November term, when the plaintiff did not bring it on; but stipulated to try it at the April sittings. At the request of his counsel, the trial was then put off.

*Bogert*, for the plaintiff, now moved to amend the declaration, by inserting the word *skin* after the word *hyson*, wherever it occurred, so that it might read *hyson-skin* tea, instead of *hyson tea*. He cited, 1 *Caines*, 153. *Coleman's Cases* 59. 92.

NEW-YORK, May, 1807.

Castro v. Bennet.

[*] *Griffin* and *T. A. Emmet*, contra.

[* 296]

*Per Curiam*. The amendment prayed for does not create a new cause of action. Tea is the substantive cause of action, and the word *hyson-skin* is merely descriptive. The plaintiff may take his rule; but if he elects to withdraw his plea and confess the action, he will not be entitled to the costs of this motion.

Rule granted.