Opinion op the CouRT by
Judge Mills.
John Bowman recovered of Jonah Combs, by an ejectment, a tract of land on which Combs resided and held by an adverse claim,-and then sold the land to Combs, being 200 acres, for the price of twelve hundred dollars. Combs, some time afterwards, sold the laud, with its improvements and distillery, and also a horse-mill which he was then building, and gave his bond, binding himself to convey the land with warranty, when the second instalment became due, and to completely finish the horse-mill, and deliver possession thereof on the same day, to John Castleman, who paid down four hundred dollars, and gave his note for the second instalment, which ivas twenty-one hundred dollars, and also tv^o other notes for two other more distant instalments of five hundred dollars each. At that time Bowman had not conveyed to Combs, and Combs held the joint bond of said Bowman and Jesse Smith, binding them to convey the title, and was still indebted the 'whole twelve hundred dollars, to Bowman; and it was . verbally agreed, that Castleman should discharge the twelve hundred dollars to Bowman, in order to secure the title. Some time after this, Combs, to make Cas-tleman more secure, assigned to him the title bond of Bowman and Smith. Bowman, sued Combs for the *304 twelve hundred dollars, and obtained j»dgments, and on ■ emanation of executions, Combs replevied them, and Castleman became his security. When these re-plevin bonds became- due, Castleman, who was bound by his arrangement with 'Combs; to pay them, applied to Bowman and obtained a stay of nine months, and to secure the payment, executed to Bowman, or rather to trustees for his benefit, a deed of trust on the tract of land itself, for which he then held Bowman and Smith’s bond, and also the bond of Combs. Before this, Combs had surrendered the possession to Castleman, but had not completed the horse-mill, as he agreed to do. Combs had also, before it became due, assigned the bond of twenty-one hundred dollars to Thomas and William Smith, who, onCastleman’s'failing inpayment, brought suit thereon and recovered judgment. Castle-man then filed this bill, enjoining said judgment, and making Combs, Bowman and Jesse Smith, and Thomas and William Smith, defendants.
The equity set up in his original bill, is, that as Combs had failed to build the horse-mill complete, he had hired hands and built her himself, for which he was entitled to payment, and also damages for lying out of the use of her for six or seven months, and Combs had agreed that the price of building the mill should come out of this second instalment, now held by Thomas and William Smith; also, that he had settled the debt due to Bowman, and was entitled to a credit for that amount out of the same bond, pursuant to his agreement with Combs, and that Combs was insolvent. He also suggests, that one Davis Carneal has a claim to the land, regularly derived from the commonwealth, which he understood was a good one, and covered a “ good portion” of the same tract. He prays for these credits to be given him, and the balance to be enjoined until he shall get a good title for the land, and for general relief.
In an amended bill, he states, that since filing the original, writs of ejectment had been served upon him and others, by Davis Carneal, and that he believed the claim of Carneal to be good, and that Combs had acknowledged the claim of Carneal to be superior to that of Bowman, and concludes by praying the contract to be rescinded. In another amendment, lie suggests that Combs had purchased of Carneal about 75 acres of the *305 interference with the tract in question-, by which It had become-safe. He prays that if the contract is rescinded, he may have his lien enforced against this 75 acres. In another amended bill, he charges that Combs, at' the time of the sale, represented the land to,’be, clear of dispute, which he tbeu believed, b.ut which he now, found to be otherwise.
Bowman and Jesse Smith answered, denying that Carnea! had, any valid title, declaring the ejectments brought by Carneal had gone off by nonsuit; aver that they'have the eldest grant upon the land, which they exhibit, in the name of John Bowman; profess their willingness to convey according to their bond, when paid; but deny the receipt of any money, and exhibit their deed of trust, to show hów their claim was settled.
Thomas and ’William Smith' answer, relying upon their assignment; contend that Bowman’s claim is. sm perior to Carneal’s; insist that the agreement to set-off the price of the mill against the bond'in their hands, was after the assignment to them, and notice thereof. They admit, that although the whole bond for twenty-one hundred dollars is assigned to them by Combs, it was in payment of a debt of eight hundred and fifty-two dollars only, due to them, and that when they received that sum they wqre satisfied, and the rest, though in their names, was for the benefit of Combs. They profess ignorance of anyequity, and require proof.
Combs answered, and after admitting the contract and the agreement at the time that the claim of Bowman- should be paid out of the bond for twenty-one hundred dollars, and the assignment to T. and W. Smith for such debt as they claimed, he insists, that he was ignorant of any other claim upon the land, than what he sold; contests the validity, and even the existence of Carneal’s claim; in his original answer; but in his answer to the amendments, admits he has purchased the interference, to the amount of seventy-five acres. He admits he did not finish the horse-mill, and that he had agreed to give the complainant credit for $>200 for building her, at which price they had settled it. He. also denies his insolvency.
The court below determined that as a patent to John May was filed in the cause posterior in date to that of John Bowman, yet as the grant to John Bowman issued *306 í(j him after his death, the present John Bowman could take no tlt|e un(jer until 1792, under an act of assembly of this state rendering such grants valid, a period subsequent to that of May’s patent, and as Combs was either insolvent or in laboring circumstances, the complainant -was entitled to relief, and therefore set aside the contract, and directed an account to be taken of the rents, profils and improvements made by Castle-man, and purchase money paid by him. .An account was accordingly taken by commissioners and returned, and both Combs and Castleman endorsed on the report, that they were satisfied with the decree and the report also.
The court finally decreed a balance reported in favor of Castleman, to be paid to him, and gave a lien on the 75 acres of land which was supposed tobe safe, and directed it to be sold in satisfaction'of that balance, and .relieved against the whole residue of the contract.
To reverse this decree, this writ of error was prosecuted by the defendants below.; and the defendant, Combs, now plaintiff in error, has come into court and claimed a severance, and refused to prosecute the writ, which has been granted him. Notwithstanding that severance, this court has full power over the cause, and can reverse the decree, even as to him, as completely as if he had remained; for it is well settled, that a judgment may he reversed, even as to the party severed; and although no decree or judgment is generally binding on ene not a party or privy, yet when he has been a party, ‘but refuses to remain so, and is severed, the rule is otherwise.
It is difficult to ascertain on what principle the court could enforce a lien against a part of this land, to the prejudice of Bowman and Jesse Smith, who had a superior lien, without regarding it. They were parlies to this suit, their lien remained in force, and yet the land is directed to be sold, in a case where they must be hound, in favor of a subsequent lien, so that their right again to touch the same matter and rc-sell the land, notwithstanding their contract, was completely barred.
It is also hard to find any base for the decree render- ■ ed, in any part of the pleadings. As to the patent of May, filed, its existence is not so much as hinted in the bill, nor is there any proof that it covers the ground. The bill sets up a title in Davis Carneal, and there is *307 not the slightest proof that Carneffi ever had' any titfe. Q-ne witness states that a patent in the name of Moore covers a part of the- land, and that it is older than May’s. This proof is incompetent, as to Moore’s title; for the patent itself was better evidencce. The same may be sa-id with regard’ to the condemnation of-Bow-»an’s patent by the decree. It is true, a patent is filed in the name of John Bowman, and ’there is a- John Bowman in court; and a will is filed, ofjanolber- John, Bowman, recorded before the emanation of the patent;, but there is not the least proof to which of them the patent issued; and what is more; there is no allegation in the original or amended bills, which makes this a question, and sets the opposite party on their guard, to-disprove such a charge. We, therefore, cannot perceive how the court below got hold of all the equity on which this contract is set aside, without its b.eing set up in the appropriate mode. It is, therefore, 'evident; that the decree cannot be sustained.
As to Bowman and Jesse Smith, the bill ought tp have been .dismissed with costs. The same ought to be the decree as to Thomas-and William Smith; and the in-junction, as to them, must be dissolved as to eight hundred and fifty-two dollars, with-their share of interest and ten per centum damages.. As between Castleman and Combs, a different decree ought to be rendered. It is admitted by' Thomas and William Smith, that they are entitled to only §'852, and that the rest belongs to Combs, and it is agreed between Combs and Castle-man, that as much of that bond was to he' appropriated to discharge the claim of Bowman, as would*be sniff cient-for that purpose. Castleman has taken measures to secure this amount to Bowman; but has not yet discharged it, or procured a release of Combs, as to Bowman’s debt. As Combs is in doubtful circumstances, it does not seem equitable to dissolve the injunction as' to the residue of the twenty-one hundred dollars- S® much of it, therefore, ought to be enjoined, temporarily, as is sufficient to meet the claim of Bowrqan, for which. Castleman is bound, reserving the right of Combs here--afler to show,, by proper proceedings, that Bowman-has collected of him. the amount of his debt, or any part thereof, and then to dissolve the induction as to the amount so collected by Bowman of Combs- If, after allowing both the claims of Bowman and T. and *308 Smith, out of the' bond or judgment for twenty-oné hundred dollars, any should still remain, it ought to be disposed of as follows: It is clear, that Combs did not finish the horse-mill, and according to the commissioners’ report, with which both Combs and. Cas-tleman have acknowledged themselves satisfied, Cas-tleman expended, in doing it, four hundred and eighty dollars and sixty-four and one half cent's, for which Castlejnan is entitled to compensation. As to the rents claimed before the mill was finished, if they were proved, they would probably be too ideal, and as they are not proved, they cannot be taken into the estimate. It is true, that Caslleman has his action at law for the value of this mill as finished by him; but it is equally true, that as the finishing the' mil! composed-part of the original contract, for which Castleman is indebted, and as Combs is in laboring, if not insolvent circumstances, Castleman has shown good grounds for coming into a court of equity to obtain this discount. Caslleman, then, ought, by the decree, to have a credit for the amount last named as reported by the commissioners, to be charged first against the residue* of the judgment of twenty-one hundred dollars, if there he any residue after deducting the aforesaid claims ofT. and W. Smith and Bowman, and the remainder against the next instalment of five hundred dollars. If there be no such residue of the judgment for twenty-one hundred dollars, then the whole of this latter clainpi to be charged against the next instalment due for the mill, in such manner as to check the interest on said instalment from the time that Combs was to have had the mill completed, by his contract; and Casileman. will be entitled to his costs against Combs in the court below.
The decree must, therefore, he reversed with costs in this court in favor of Bowman and Jesse Smith, and Thomas and William Smith, and the cause be remanded, with directions to enter such decree in the coart beíow as shall conform'to this opinion.