FRANKLIN STEELE, ET AL. Appellants *vs.* MOSES FISH, Respondent.

Sections 1 & 2, Chap. 74, page 388 of Revised Statutes, clearly intends that any one who has the actual possession of land, and consequently is *prima facie* the owner of the same, may upon that fact alone institute an action against any one who casts a cloud upon his title. The actual possession of the land is the only fact necessary to constitute a cause of action, under the Statute. It is unnecessary to plead all the facts upon which his right to possession is founded.

[The points and authorities of the respective parties are not on file.]

PARSONS & MORGAN, Counsel for Appellants.

CORNELL & VANDERBURG, Counsel for Respondent.

*By the Court*—C. E. FLANDRAU, J. This action was commenced under Sec. 1. of Chap. 74, of the Revised Statutes, page 388, which is as follows: Sec. 1. " An action may be brought by any person in possession, by himself or his tenant, of real property, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim, estate, or interest."

Sec. 2. " If the Defendant in such action disclaim in his answer, any interest or estate in the property, or suffer judgment to be taken against him without answer, the Plaintiff cannot recover costs."

The Complaint declares that the Plaintiff is in the lawful and actual possession of the premises described, and is lawfully entitled thereto, and that the Defendants claim some estate or interest in said premises adverse to the Plaintiff. The complaint asks the Court to adjudge such adverse claim of the Defendants to be void, &c.

To this complaint a Demurrer is filed, which insists that the complaint is insufficient by reason of its alleging conclusions of law, and not facts, and proceeds upon the supposition that the Plaintiff must set out his title, or plead all the facts upon which his right of possession is founded. The argument of the Defendant's counsel assumes that the allegations in the complaint are conclusions of law, and not facts, and discusses the

question of the sufficiency of the pleadings upon that basis alone. This is erroneous in point of fact; the allegations in the complaint are: " *That this Plaintiff has since the date aforesaid, been and continued in the constant, actual and lawful possession and occupancy thereof, and is now in the actual possession thereof, and that the Plaintiff is lawfully entitled thereto.* Actual possession and occupancy, are facts and not conclusions of law. The right to such possession is one thing, and may be dependent upon various facts.

The right to the possession of the land may be in one person, and the actual possession in another, but the actual possession is a tangible, corporeal fact and may always be so pleaded.

The possession of real-estate is *prima facia* evidence of the highest estate in the property, to wit, a seisin in fee. *Hill vs. Draper,* 10 *Barb.* 458, *pr. Allen, J., Jayne vs. Price,* 5 *Taunt.* 326.

The Statute is passed upon this presumption, and clearly intends that any one who has the actual possession of land and consequently is *prima facia* the owner of the same, may upon that fact alone institute an action against any one who casts a cloud upon his title, and compel him to spread his claim upon the record that it may be adjudicated and forever put at rest. The quiet and undisturbed enjoyment of one's estate, is not only a right, but a right of the highest and most valuable nature to the owner, which will be protected by the Courts against the malicious interference of others, by an action of slander of title. 1 *Starkie on Slander,* 287, 317. This Statute is intended to afford an easy and expeditious mode of quieting conflicting claims to land, and in a State where real property is the subject of constant traffic, is very beneficial in clearing up and removing doubts which may hang over titles and embarras both purchaser and seller. Very little inconvenience can arise from this character of action, as the Statute gives to the Defendant ample opportunity to assert his claim if it is well founded, and allow him to disclaim by answer, or by suffering default, without the payment of costs, should he make no claim to the land; in either case the result being to settle the question of title as between the parties to the action.

The only facts necessary to constitute a cause of action under

the Statute are, the actual possession of the land by the Plaintiff in person, or by tenant, and some claim by the Defendant adverse to him, of an estate or interest in the land.

The Defendant having filed an affidavit of merits, the judgment of the Court below, although correct, will, the Respondent having consented, be opened, and the Defendants permitted to answer over, on the payment of the costs of both Courts, to be taxed within twenty days after notice of this order.