## Adam Rau

### *vs.*

### The Minnesota Valley Railroad Company.

When it does not appear that the defendant was misled by a mistake in the complaint, nor prejudiced by an amendment of the same, an amendment of the complaint which does not change the cause of action which the plaintiff evidently intended to set up, may properly be allowed.

Rau v. The Minnesota Valley R. R. Co.

Possession is *prima facie* evidence of title in fee, at least as against a stranger.

A person having the right to make an excavation upon land, is bound to exercise the right with all necessary and reasonably practicable care and skill, so as to save the neighboring proprietors from any injurious consequences which might result from changing the natural surface of the ground.

The jury before whom this action was tried in the District Court for Ramsey county, found a verdict for the plaintiff for $500, and judgment was entered pursuant to the verdict. The defendant removes the cause to this Court by appeal. The cause is fully stated in the opinion of the Court.

Allis & Williams for Appellant.

James Gilfillan for Respondent.

*By the Court*—Berry, J.—It is alleged in the complaint in this action, that the plaintiff is and was during the summer of 1866 and the spring of 1867, the owner and in possession of lots 7 and 8 in block 182, in the town of West St. Paul, and a dwelling house thereon situate; that during the summer of 1866 the defendant made a deep excavation upon lands near said lots and house, and more elevated than said lots, and in making such excavation the defendant took no precaution to prevent the water when said excavation should become filled by the high water in the spring, as was probable to happen, from breaking out of the same, and running down upon the plaintiff's lots and house, but on the contrary made the excavation in so careless and negligent a manner, that in the spring of 1867, after said excavation had been filled by the high waters of the Mississippi River, and when said water began to subside, the water collected in said excavation, owing to the carelessness and negligence of de-

fendant aforesaid, broke out of the same, and flowed with a strong current over said lots and against said house, and undermined and broke down said house, damaging the same to the extent of $400; and said current tore up and carried away the soil of said lots, damaging them to the extent of $100. Upon the trial the plaintiff testifying that he occupied lots 9 and 10 in block 181, and the defendant objecting to the testimony as not referring to the property described in the complaint, the plaintiff asked leave to amend the complaint by inserting the words "lots 9 and 10, block 181," in lieu of the words "lots 7 and 8 in block 182." The Court allowed the amendment, and the defendant excepted. There is no pretense that the claim which the plaintiff evidently intended to set up in this case was changed by the amendment, nor that the defendant was misled by the mistake corrected, nor prejudiced by the amendment. We see no reason to doubt the propriety of the allowance of the amendment, in view of the very liberal provisions of *sections* 100, 101, 104, *p*. 463, *Gen. St.* It appears by the bill of exceptions, that the plaintiff on the trial below gave no evidence of his ownership of, or title to lots 9 and 10, "except the possession thereof by said plaintiff." This evidence tended to show that during the times mentioned in the complaint, to wit, the summer of 1866 and the spring of 1867, he was in possession of the house and lots referred to, and that in 1859 he had made some improvements on the lots, by filling up a portion of a slough or depression thereon.

After the plaintiff had closed his case the defendant moved " to dismiss the action on the ground that the plaintiff had proved no title to the land described." The motion was denied, and defendant excepted. To sustain this action it was not necessary for the plaintiff to establish a title in fee. If his right in the premises was a right of possession for a limi-

ted time only, the *quantum* of damages might be less than if he owned the fee, but he would nevertheless be entitled to such damages as he should establish. Strictly speaking therefore the motion to dismiss was properly denied. But the verdict in this case would appear to have been rendered upon the hypothesis that the plaintiff was owner in fee of the lots injured, and was entitled to recover damages to the full extent of the injury done thereto. It is argued by the defendant that possession is evidence of a right of possession only. Possession is however, generally, and we think properly, held to be *prima facie* evidence of title in fee, at least as against a stranger, like the defendant in this case. *Steele vs. Fish,* 2 *Minn.,* 154; *Doe & Graham vs. Purfold,* 8 *C. & P.,* 536; 9 *Wend.,* 53; *Day vs. Alverson,* 9 *Wend.,* 223; 15 *Wend.,* 526; 17 *Wend.,* 261; *Gardner vs. Heart,* 1 *Comstock,* 528; *Riley vs. Millim,* 4 *J. J. Marshall,* 396; 2 *Gr. Ev. secs* 311, 331, 555; 2 *Hilliard on Torts,* 566–574, *et seq., Bassett vs. Salisbury Manf'g Co.,* 8 *Foster,* 453.

The defendant's counsel requested the Court to instruct the jury; "If the plaintiff's house was injured by water which overflowed the usual and natural banks of the river, and if such overflow was not caused, nor increased, nor in any wise aided, or contributed to by the excavation complained of, the defendant is not liable, and the jury must return a verdict in its favor." The instruction was refused.

The Court instructed the jury as follows:

1. "That in making the excavation the defendant was bound to guard against unnecessarily injuring, or causing injury to the property of others."

2. "That if the excavation was likely to collect the waters in a body, and when so collected they were likely to break out, it was the duty of the defendant when the excavation was made, to take such reasonable precautions as it could to

prevent the waters so collected breaking out, and flowing against plaintiff's house, and if defendant neglected so to do, it is liable for any damage to the plaintiff's property directly resulting from such neglect."

3. "That the defendant had no right to unnecessarily divert or change the channels or course which the water had been accustomed to take, so as to cause it to flow across plaintiff's land in a line which it would not otherwise have taken, and if the excavation made by defendant was likely so to divert or change such channels, or courses, it was the duty of the defendant to take such reasonable precautions as it could to prevent its doing damage to plaintiff's property. If it neglected to take such precautions, it is liable for the damages directly resulting to plaintiff's property from such neglect."

We perceive no error in the refusal to give the instruction asked by defendant, nor in the instructions given.

The complaint charges the defendant with carelessness, and negligence in making the excavation, and that owing to such carelessness and negligence the injuries complained of resulted to the plaintiff's lots and house.

This case comes up to this Court upon a bill of exceptions.

The bill shows that evidence was given by the plaintiff tending to show, "That the Mississippi River in seasons of high water was accustomed to overflow its banks; that it was so overflowed in 1859, 1861, 1862, and 1866, and four times in 1867, and that at such times its waters would overflow and spread over the section of country in which the said house and lots were situate; that there was a depression of the land forming a kind of small slough or temporary channel immediately back of said house, and extending for some distance above and below said house, through which a portion of the waters had, in the years of overflow between 1858 and 1867 passed, and flowed off in a current or stream; that said house

was built near to said depression or slough, and a portion of said depression or slough being in the said lots, the plaintiff had in 1859 filled to the extent of about half of the width of said depression or slough; that in the summer and fall of 1866, the defendant caused to be made in said depression or slough a short distance above said house and lots, and mainly on defendant's land, but extending from 20 to 25 feet into St. Peter street, a street running between plaintiff's and defendant's land, and that had never been graded, an excavation about one hundred feet long, and sixty or seventy feet wide, and varying in depth from three to seven feet; the earth taken out of said excavation being employed by the defendant, in making an embankment for the track of its road, and in filling about its depot, located in the immediate vicinity; that in the spring of 1867, the Mississippi river overflowed its banks and its waters spread over the entire section of country in which said house and lots, and said depression or slough, and said excavation were located, and inundated said section, filling said depression or slough and said excavation; and that the stream or current, as it flowed off, was changed from the course it had taken in previous years of high water, so as to run against plaintiff's house, whereby said house was undermined, and broken down, and the soil of said lots was torn up and carried away, and that said excavation was the cause of said result, and that the damage to said house and lots was $500; that on said occasion said waters did not rise as high as they did in 1859 and 1861."

Now we are not prepared to say that this evidence does not go to raise some presumption of negligence on the part of the defendant in making the excavation, (see *Bellinger vs. N. Y. C. R. R.*, 23 *N. Y.*, 46,) but at any rate, as we have only a bill of exceptions, and not a case containing a full report of the evidence, we cannot say that there was not testi-

mony received below, other than what is found in the bill, and going to show want of care and negligence on the part of the defendant.

We cannot presume under such circumstances that the evidence of carelessness and negligence was insufficient to warrant the charge of the Court, or to justify the verdict.

As to the instructions asked by defendant, and refused by the Court, it is enough to say that it is not important that the overflow of the usual natural banks of the river was "not caused nor increased, nor in any wise aided or contributed to by the excavation."

The plaintiff does not complain that such *overflow* was caused, or increased, or aided, or contributed to, by the excavation as will be seen by reference to the abstract of the complaint before given, nor is this what the evidence which we extract from the bill of exceptions tends to show. The instruction has no relation to the issues, and was properly refused. The instructions given by the Court were rightly given. Whether the defendant had the right to make that part of the excavation made in the street, we need not consider. Admitting that it had this right, it was bound to exercise the same, as well as its right to excavate upon its own land, with all necessary and reasonably practicable care and skill, so as to save the neighboring proprietors from any injurious consequences which might result from changing the natural surface of the ground. If by proper caution the defendant might have avoided or prevented the injury to plaintiff's premises, the want of such caution is sufficient to sustain this action. *Bellinger vs. New York Central R. R.*, 23 *N. Y.*, 42; *Radcliffe's Ex'rs vs. Mayor &c. of Brooklyn*, 4 *N. Y.*, 195; *Lawrence vs. The Great Northern Railway Co.*, 16 *Ad. & El. N. S.*, 643. The instructions given are substantially in accordance with these views.

It appears that in 1859 the plaintiff filled to the extent of about half its width the depression or slough back of his house. It is argued by the defendant, that the plaintiff, in obstructing the flow of the water in this way, was himself in fault, and instrumental in causing the injuries complained of, and that therefore he cannot recover. It does not appear that the point was made below, nor that the Court was requested to charge the jury in reference to it, nor is there anything in the evidence reported tending to show that the filling contributed to the injury done. If there was anything in the case upon this point, it was for the jury to consider it. We cannot presume that in improving his premises by filling the depression spoken of, the plaintiff was negligent, or that if he had not so filled the depression, the acts of the defendant would not have resulted as they did.

The judgment is affirmed.