B. SACHRA, Appellee, v. THE TOWN OF MANILLA, Appellant,

**Municipal Corporations:** AMENDMENT TO PETITION: NEW CAUSE OF ACTION: LIMITATION. In an action for an injury caused by a defective sidewalk, an amendment to the petition alleging merely that the accident occurred at a different place from that originally pleaded is not the introduction of a new cause of action; and though filed more than ninety days after the alleged injury it relates back to the date of the original petition and the cause of action is not therefore barred.

**Evidence:** CONCLUSION OF WITNESS. An ordinary witness should state only facts, and an inference or conclusion as to what the witness did should be stricken out.

**Evidence:** EXPERT TESTIMONY. Experts, as a rule, cannot give an opinion as to the proximate cause of an injury. What caused the injury is for the jury to determine, but what may or may not have caused it is the subject of expert testimony.

**Contributory Negligence.** The fact that the party injured by a defective sidewalk knew that the walk was out of repair, does not as a matter of law render him guilty of contributory negligence.

**Damages:** MEDICAL SERVICES: INSTRUCTION. In an action for injuries the plaintiff is entitled to recover as damages the reasonable value of the medical services performed, but where there is evidence of the amount of the physician's bill, an instruction that he may recover "such sum as will compensate him for money expended and liability incurred for medical treatment" may be sustained.

Damages: LOSS OF TIME: INSTRUCTION. In an action for personal
6   injuries, an instruction that plaintiff should be allowed the
value of his time while disabled is more favorable than de-
fendant is entitled to, as he is entitled to compensation for
loss of time while only partially disabled.

Evidence: LOSS OF TIME. Evidence in an action for injuries re-
7   ceived by a defective sidewalk examined and held sufficient to
take the case to the jury on the question of damages for loss
of time.

*Appeal from Crawford District Court.*—HON. Z. A.
CHURCH, Judge.

THURSDAY, MAY 21, 1903.

ACTION at law to recover damages for personal injuries
received by plaintiff while passing along and over a side-
walk in the defendant town. Trial to a jury. Verdict
and judgment for plaintiff, and defendant appeals.—
*Affirmed.*

*Salinger & Korte* for appellant.

*J. P. Conner* and *C. C. Cole* for appellee.

DEEMER, J.—The original petition, which was filed
within forty-seven days after the accident, alleged that
defendant maintained a sidewalk on the north of Sixth
street, and that plaintiff, while walking thereon, and pass-
ing from the Methodist Church to his home thereon, re-
ceived the injuries of which he complains. In an amend-
ment to the petition, which was filed more than ninety
days after plaintiff received his injuries, he struck out the
word "street," in the petition, and inserted the word
"avenue"; making the petition read "Sixth avenue,"
instead of "Sixth street," as originally stated. Defend-
ant pleaded the bar of the statute to the amendment to
the petition, based on the fact that it was not filed until

more than ninety days after the alleged injury.    Defend-
ant asked the court to instruct that the action was barred.
This it refused to do, but, on the contrary, charged that
<span style="float:left">1. AMENDMENT<br>to petition;<br>new cause<br>of action;<br>limitation.</span> the jury should not consider defendant's plea
of the statute of limitations.    This raises the
first point for our determination, and, if de-
cided adversely to defendant, will settle another propo-
sition relied upon by it.    A statement of facts ·seems
necessary to a correct understanding of the point presented
for decision:    In defendant town there is a street known as
"Sixth Street," running north and south, and another
known as "Sixth Avenue," running east and west.    The
Methodist Church is on the north side of this avenue, as also
is plaintiff's house, which is three or four blocks westward
of the church.    The amendment to the petition charged
that the accident occurred on Sixth avenue, instead of on
Sixth street.    If it introduced a new cause of action, then
it is barred, unless the original petition be treated as
notice to the city, under the provisions of section 3447 of
the Code, requiring the service of a written notice on the
town, specifying the time, place, and circumstances of the
injury, within sixty days from the happening thereof.
The subject of amendments is dealt with by our Code (sec-
tion 3600), which provides, in substance, that the court
may permit a party to amend a pleading "by striking out
the name of a party, or by correcting a mistake in the
name of a party, or a mistake in any other respect, or by
inserting other allegations material to the case, or when
the amendment does not change substantially the claim or
defense, by conforming the pleading to the facts proved."

The uncontradicted evidence shows that the attorney,
who drew the petition used the word "street," instead of
"avenue," by mistake, and it is apparent that no new
cause of action was intended to be introduced by the
amendment to the petition.    Without evidence, there
should be no doubt, in view of the record before us, that

the amendment was offered to cure a mistake, and not to change the cause of action, or to introduce a new one. The place of accident was not changed by the amendment, and no new grounds of negligence were introduced. The amendment came strictly within the language of the statute. Where a mistake in the name of a party is corrected, it is held that no new cause of action is introduced. *Dixson v. Dixson*, 19 Iowa, 512. And we think that, where made to cure a mistake as to the place of accident, the same rule should obtain. Where an amendment is germane, and does not introduce a new cause of action, it relates back to the date of the original petition, and, for the purpose of the statute of limitations, is regarded as a part thereof. *Mather v. Butler County*, 16 Iowa, 59; *Carnegie v. Hulburt*, 70 Fed. Rep. 209 (16 C. C. A. 498); *Youngerman v. Long*, 95 Iowa, 185. That the amendment did not introduce a new cause of action, see *Ball v. K. & W. R. R.*, 71 Iowa, 306; *Myers v. Kirt et al.*, 68 Iowa, 124; *McCracken v. R. Co.*, 91 Iowa, 711; *Kimball v. Bryan*, 56 Iowa, 632. Authorities from other states are not wanting on these propositions. See *Smith v. Bogenschutz*, 14 Ky. 305 (19 S. W. Rep. 667); *Kansas Co. v. Salmon*, 14 Kan. 512; *South v. Bees*, 82 Ala. 340 (2 South. Rep. 752); *Stevens v. Hewitt*, 30 Vt. 263; *Heneshoff v. Miller*, 2 Johns. 295; *Smith v. Palmer*, 6 Cush. 513; *Daley v. Gates*, 65 Vt. 591 (27 Atl. Rep. 193); *Leeds v. Lochwood*, 84 Pa. 70. *Box v. C. R. I. & St. P. R.R.*, 107 Iowa, 660, is not in point. In that case a new and distinct cause of action was introduced, and the amendment was not for the purpose of correcting a mistake. It introduced a distinct and separate cause of action. That is not the case here. The amendment we are considering simply changed the name of the street where the injury is said to have occurred, and was filed to correct an evident mistake. While the place where the accident occured was material to the cause of action, a change of description, to cure an oversight or

inadvertence, did not introduce a new cause of action. Moreover it is perfectly manifest that the change was made to correct a clerical mistake. *Rau v. Minnesota Val. R. Co.*, 13 Minn. 442 (Gil. 407) is directly in point. There is no pretense that the defendant was in any way misled. Indeed the petition describes the place of the accident in such a manner that there is no ground for any such contention.

II. The following extract from the record shows the next matter complained of: "Q. You warned your husband to be careful? A. I did. I didn't warn him quite

2. EVIDENCE: conclusion of witness.

quick enough. Q. You did your best? A. I did. But you know what a man is. Q. Were you not afraid when you started to church that the walk was just as bad as then? Why didn't you warn him then? A. I probably did. It was dark when we started to church. Q. And there was as much reason for warning him then as there was when you came home? A. Yes, sir." This evidence was elicited on cross-examination, and, some time after it was received, plaintiff moved to strike out that part of it which related to what the witness probably did. The motion was sustained, and of this defendant complains. There was no error in the ruling. An ordinary witness should state facts, and not mere inferences or conclusions. Whether or not she warned her husband was a fact, and not an inference from other facts; hence there was no error in striking out her answer. Moreover, the ruling, even if error, was without prejudice, for that the witness stated at another time that she warned her husband as to the condition of the walk before he received his injuries.

Witnesses were permitted to give the names of streets as shown on the town plat. This was surely competent.

These questions and answers show the next rulings complained of: "Q. What do you say about a person being able to injure or strain himself by falling, or starting to fall, and catching hold of a corn-crib and jerking him-

self—being able to produce this?    A.  I should think it was possible.    Q.  What do you say about the injury in fact having been such an injury that it might have resulted from a wrench or strain of the hip or parts?    A.  I think it could.    Q.  Suppose that a man was walking along the sidewalk, and suppose that he stepped with his left foot into a hole on the sidewalk, and as he stepped he reached out and caught his right hand upon a corncrib, then reached and held onto his wife, who had hold of him, and sunk down, but not entirely down, on the sidewalk; what do you say that, in such a condition as that, he might have wrenched himself?    A.  It might have caused the injury he complained of.    Q.  How might the injury which you have found have been produced?    A. It might have been produced by wrenching of the leg." All these questions were objected to as incompetent and not a proper subject of expert testimony.    In *State v. Rainsberger*, 74 Iowa, 204, counsel, after framing a hypothetical question regarding the body of the deceased, the character of the wounds, and other matters, asked a physician how the wounds upon the person were probably made.    This was held incompetent for the reason that "it sought for an expression of opinion based upon matters which were to be weighed and considered by the jury, and determined by the exercise of their own judgments, and not upon the opinion of another.    The matters upon which the question was based were not peculiarly within the knowledge of the witness, or the profession to which he belonged."    The questions there presented are quite different from the ones we now have..    Experts cannot, as a rule, give an opinion as to the proximate cause of an injury, as that is for the jury.    But they may testify as to the probable causes of a given effect.    *Moyer v. R. R.,* 98 N. Y. 646; *State v. Knight*, 43 Me. 1; *Com. v. Piper*, 120 Mass. 185.    What in fact causes a wound or injury is a question for the jury, but what might or might not have

*3. EVIDENCE: expert testimony.*

caused it is a matter of expert testimony. Rogers on Expert Evidence (2d. Ed.) page 128. This is the point of distinction which appellant's counsel has overlooked. The ruling is sustained by .State v. Seymour, 94 Iowa, 705; State v. Porter, 34 Iowa, 131; State v. Morphy, 33 Iowa, 270; Armstrong v. Ackley, 71 Iowa, 76.

III. Next it is argued that plaintiff failed to show himself free from contributory negligence. While it is no doubt true that plaintiff knew the condition of the walk, which was badly out of repair, yet he should not, from that fact alone, be held guilty of contributory negligence, as a matter of law. This proposition is too well settled to require the citation of authorities in its support. But see. Kendall v.· City of Albia, 73 Iowa, 241; Barnes v. Town of .Marcus, 96 Iowa, 675. The case was clearly for the jury.

4. CONTRIBU-
TORY negli-
gence.

IV. Plaintiff, in his petition, asked damages for loss of time, and for medical expenses incurred on account of being compelled to employ physicians. The court in-. structed that "he is entitled to recover, if at all, only what are called 'compensatory damages'; that is, such a sum as will compensate him for injuries sustained. In estimating such damages, if you find that he is entitled to recover them, you will allow, first, such sum as will compensate him for money expended and liability incurred for medical treatment of the injuries received; second, the value of his time during the time that he has been disabled by the injuries. These elements of damages are susceptible of being proven by direct evidence, and you are only to allow such sums as have been proven." It is said that the rule given by the instruction is wrong, for that plaintiff was only entitled to recover the reasonable value of the expenses incurred, and for the further reason that there was no evidence on which to base such an instruction. The instruction is not happily worded. Strictly speaking, it is the reasonable value of the

5. DAMAGES:
medical ser-
vices: in-
struction.

medical service performed, which plaintiff may recover. *Bowsher v. Ry. Co.*, 113 Iowa, 16. But in *Flanagan v. Ry. Co.*, 83 Iowa, 639, an instruction similar to the one now in question, regarding expenses for medical services, was approved. See, also, *Lampman v. Bruning*, 120 Iowa, 167. There was evidence that the services of one physician were worth $100, and that another's bill was not larger than $20. This was sufficient to justify the instruction.

. The instruction as to time lost did not, as counsel contend, permit the jury to award plaintiff for value of time when not disabled, but clearly says, first, that the damages must be compensatory; and, second, that plaintiff should be allowed the value of his time during the time he was disabled. This was, perhaps, more favorable to defendant than it was entitled to. Plaintiff might recover for loss of time when but partially disabled, or while earning something less than he could have earned, had he not received the injuries.

6. DAMAGES: loss of time: instruction.

As to the evidence on this point, plaintiff testified that prior to receiving the injuries he was running a well machine, and getting an average of $5 per day; that he had not been able to do any physical labor since he was hurt, and had not worked more than six or eight days. He also testified that he was not able to carry on business with help until November, which was some nine months after the injury, and that (quoting from the testimony) "averaged about five dollars a day with my well machine. I don't know how much I myself earned. Since I am hurt, I earn the difference that I have to give to the extra man. I hire part at a dollar, and part at a dollar and fifty." Plaintiff's wife testified that he had not been able to work since he received his injuries. Surely there was sufficient evidence to take the case to the jury on the question of plaintiff's loss of time. As supporting this conclusion, see *Kendall v. City*, 73 Iowa, 241.

7. EVIDENCE: loss of time.

There is no prejudicial error in the record, and the judgment is AFFIRMED.