HENRIETTA NORRIS, Appellee, v. THE CUDAHY PACKING COMPANY, Appellant.

**Personal injury:** EVIDENCE: DUE CARE. In an action for personal injury, evidence of what others in company with plaintiff did, on the occasion in question respecting the danger, is admissible on the issue of an exercise of due care by plaintiff.

**Evidence:** NEGLIGENCE. In an action for injuries received from an open ditch, the evidence is considered and held to show negligence in failing to place danger lights or other suitable warning along the same.

**Negligence:** DIRECTION OF VERDICT. Under the evidence, it was not error to refuse to direct a verdict for defendant on the ground of plaintiff's contributory negligence in crossing an open ditch, or that there was another way by which she might have reached her destination.

*Appeal from Woodbury District Court.*— Hon. George W. Wakefield, Judge.

FRIDAY, SEPTEMBER 30, 1904.

ACTION to recover damages for a personal injury occasioned, as alleged, by the negligence of defendant. The facts are sufficiently stated in the opinion. There was trial to a jury, and verdict and judgment in favor of plaintiff. The defendant appeals.— *Affirmed.*

*M. L. Sears,* for appellant.

*Hubbard & Burgess* and *J. W. Hubbard,* for appellee.

BISHOP, J.— At the time of her accident, plaintiff was employed at the packing plant of defendant in Sioux City. On January 16, 1903, the defendant, for the purpose of laying water mains, caused a trench about three feet wide and eighteen inches deep to be dug on its grounds, crossing a pathway customarily used by plaintiff and other employes in going to and from their work. It appears that in digging such trench the dirt had been thrown up on the side of the approach to the plant, while on the other side a barricade had been erected by placing a line of barrels along the edge of the trench and laying planks thereon. Plaintiff, in company with several other employes, all ignorant of the existence of the trench, entered the grounds the next morning before daylight, and traveled the pathway until they reached the pile of earth extending along the trench side. Plaintiff testifies that, as she came close, she could see the earth pile, but could not see the trench beyond; that in attempting to cross, she stepped upon and over the pile, and then fell into the trench.

I. Appellant complains for that plaintiff was allowed to testify in respect of what was done by the other persons who were in her company when they encountered the pile

of earth.   In this we think there was no error.   It is true, as

**1. EVIDENCE: due care.**   contended for by counsel, that what was done by such persons could not furnish an excuse .for an attempt on the part of plaintiff to do an imprudent .or dangerous act.   But the question of due care on the part of plaintiff was to be submitted to the jury as a material one in the case, and the answer to the question was to be arrived at from consideration of all the facts and circumstances surrounding the happening of the accident.   If others with plaintiff crossed the earth pile and trench in safety, the jury might well consider such fact in determining whether plaintiff herself exercised reasonable caution in attempting to make the passage.   Counsel will agree, certainly, that if, within plaintiff's knowledge, all the others had turned back from the obstruction as dangerous, such fact would have been material as bearing upon the question of plaintiff's duty to herself, either to join the others, or to make a more extended examination of the conditions by which she was confronted before attempting to cross.

II.   It is contended that the record does not justify a finding of negligence on the part of defendant.   We are agreed to the contrary.   Without doubt, the defendant had

**2. EVIDENCE: negligence.**   the right to dig the trench at the place and in the manner in which it was dug.   But having full knowledge of the use of the intercepted pathway by its employes, and that the trench presented a condition dangerous to such as might pass that way, it became its duty to take reasonable precautions to the end that no accident would occur.   Now it is not pretended any danger lights were displayed, or that any other step was taken to protect those using the pathway, save the erection of the barrel and plank barrier on the side nearest the plant.   We may concede that such barrier was sufficient to advise persons leaving the plant of the danger.   But it could avail nothing to one approaching from the other side, and as plaintiff testified that it was too dark for her to see, it cannot be said that the same gave

her either warning or protection. Such being the fact con-ditions presented, the conclusion of negligence on the part of the defendant follows naturally, and in accordance with principles recognized in all the books as elementary.

III.   Appellant insists with much earnestness that con-tributory negligence on the part of the plaintiff is estab-lished conclusively by the record, and accordingly that the court erred in refusing to direct a verdict in its favor.   Our reading satisfies us that the ques-tion was one for the jury, and that it was properly submitted for a verdict.   Plaintiff was where she had .the right to be, and the only duty devolving upon her was to use reasonable care to avoid danger made obvious to her.   Whether she acted with reasonable care was a question of fact, to be de-termined in the light of all the circumstances shown.   That an obstruction presents difficulty or even danger is not con-clusive in respect of the question of reasonable care.   If plaintiff, although she had knowledge of the earth pile, be-lieved that she could pass over the same in safety, by exer-cising proper care, and she had a right, as a reasonably prudent person, so to believe, then a finding that she was without negligence should be upheld.   The principle in-volved is that which governs in cases of accident and injury occasioned by sidewalk defects.   *Kendall v. Albia,* 73 Iowa, 241; *Nichols v. Laurens,* 96 Iowa, 388; *Sachra v. Manilla,* 120 Iowa, 562.

*3. Negligence: direction of verdict.*

The cases cited make it clear also that the fact that an-other way was open whereby plaintiff might have reached her destination, while proper to be considered in connection with the other facts and circumstances appearing, still it was not of itself conclusive.

IV.   Complaint is made of several of the instructions given by the court, and of its refusal to give an instruction as requested.   We have given consideration to all such, and find no error.   The instructions given cover the whole case,

and are as favorable to the defendant as it had the right to expect.

Finding no error, the judgment must be, and it is AF-FIRMED.