E. J. DILLEHAY, Appellant, v. W. H. MINOR, Appellee.

**LANDLORD AND TENANT:** Common Passageways—Duty of Landlord. A landlord who is pursuing the general practice of renting his premises to *various* tenants must maintain with reasonable care the stairways used *in common* by his tenants, even though, at the time in question, plaintiff, who was injured, was his *only* tenant.

**APPEAL AND ERROR:** Review—Directed Verdict—Most Favorable Construction Rule. Principle recognized that, on an appeal from a directed verdict, the record must be considered from the standpoint of the facts which the jury would be justified in finding.

**NEGLIGENCE:** Choosing Less Safe of Two Ways. Knowingly choosing the less safe of two ways does not *per se* establish either (a) assumption of risk or (b) contributory negligence. So held as to two stairways.

*Appeal from Dickinson District Court.*—JAMES DELAND, Judge.

JANUARY 20, 1920.

ACTION at law to recover damages for personal injury. There was a directed verdict and judgment for the defendant, and plaintiff appeals.—*Reversed.*

*Francis & Owen* and *Cosson & Francis,* for appellant.

*Heald & Cook,* for appellee.

WEAVER, C. J.—The defendant is the owner of a two-story building in the town of Milford. The first story is occupied and used by him as a pool hall. The second story is divided into rooms to let. Some of these rooms are reached only by a flight of stairs at the rear of the building. Access to the other rooms, several in number, is provided by a flight of stairs leading up the side of the building from the front, and another leading up the same side from the rear, and landing on a common platform at the level of the second floor. From this platform there is an entrance, which serves all the second floor rooms except those at the rear, already mentioned.

1. LANDLORD AND TENANT: common passageways: duty of landlord.

In April, 1917, the defendant employed plaintiff to take charge of the pool hall, for which service plaintiff was to receive a stipulated weekly wage, and to have the use of one of the rooms on the second floor, to which access was had by the two stairways and platform to which we have just referred. Plaintiff took possession of the room assigned to him, and, as the two flights of stairs leading to the entrance platform were both open, he used either, as happened to be most convenient, for the purposes of ingress and egress. In May, 1917, when he had been in the defendant's service about six weeks, plaintiff left the pool hall to go to his room by way of the stairs leading up from the sidewalk in front to the landing platform. In so doing, the fourth or fifth step from the bottom gave way, causing him to fall back to the sidewalk and suffer bodily injury of more or less serious character.

Later, this action was brought at law to recover dam-

ages on account of such injury, which, it is alleged, was occasioned by the defendant's negligence in permitting the stairs to become and remain in a rotten, decayed, and unsafe condition.

Answering this claim, defendant admits that the stairway was old, decayed, and unsafe, and that plaintiff fell thereon, but denies that he was injured, and denies that defendant is chargeable with any negligence with respect to said stairway or with respect to the plaintiff's fall or alleged injury.

It is further pleaded that plaintiff knew the condition of the stairway; that the other flight of stairs to the platform was safe, to the knowledge of the plaintiff; that access to his room by the safe way just mentioned was as convenient as by the unsafe way, and plaintiff, having used the latter with full knowledge and appreciation of its dangerous condition, assumed the risk of such use, and for like reasons is also chargeable with contributory negligence.

The issues so joined were tried to a jury. At the close of the evidence, both parties having rested, the defendant moved for a directed verdict in his favor, on the following grounds:

(1) That it conclusively appears that the defect in the stairs was open and visible, and that another and safe way was provided for plaintiff's entrance to his room, and plaintiff, having taken the dangerous way with full knowledge of the conditions, assumed the risk.

(2) That, as a matter of law, plaintiff should be held guilty of contributory negligence.

(3) That, plaintiff being in the sole possession of the rooms served by these stairways, the defendant, as landlord, was under no duty or obligation to make the entrance or stairs safe for plaintiff's use.

This motion was sustained generally, and from that

ruling, and from the judgment entered upon the directed verdict, the plaintiff appeals.

I. In argument to this court, counsel on both sides give principal attention to the third or last proposition above mentioned, relating to the duty, if any, resting upon a landlord to provide or maintain a reasonably safe entrance to leased premises.

It seems to be conceded by appellant that, where the landlord leases the entire premises to a tenant, without any promise or covenant to repair or keep in repair, the tenant takes the premises as he finds them, and assumes the risk of their safety. It is insisted, however, that this rule does not extend to entrances, stairways, platforms, corridors, and the like in which the tenant is granted no more than the right to use in common with the landlord or with other tenants of the landlord, and that, in such case, the latter is chargeable with negligence if he fails to exercise reasonable care to keep the common passages in proper condition, and he is liable to the tenant for injury so occasioned to him.

The appellee does not seriously question the correctness of this position, but denies that plaintiff has made a case for an application of the conceded principle, because, say counsel, the plaintiff, at the time of his injury, was the only tenant in any of the rooms served by this stairway, and he is, therefore, not within the rule which charges the landlord with any responsibility for the condition of a stairway or entrance used in common.

Giving to the plaintiff, as we are required to upon this record, the benefit of the most favorable construction of which the testimony is reasonably susceptible, the jury could have found that plaintiff was not the lessee of all the rooms served by this stairway or entrance; that one or more of the rooms were occupied by other tenants of the defendant, when plaintiff took posses-

2. APPEAL AND ERROR: review: directed verdict: most favorable construction rule.

sion of his room, and, although vacant at the time of the accident, they were, nevertheless, under the control of the defendant himself, with full power and authority to let them to other tenants, without the consent of the plaintiff. As a witness in his own behalf, the defendant describes the premises let to the plaintiff as follows:

"I told him I had those rooms upstairs there, and I wasn't going to rent, and would have no use for until I rebuilt those steps and fixed the rooms up; and I told him he could have one of them if he wanted it."

Plaintiff denies that defendant said anything to him about the front stairs' being unsafe, but says:

"The room he let me have is the second room from the west end on the second floor."

There is, also, as already stated, evidence from which it could be found that some of the other rooms were occupied by other tenants when plaintiff moved in, though these tenants had vacated the premises before the accident. If these things be true, and their truth was for the jury to pass upon, the plaintiff was never leased or given exclusive possession of more than one of the rooms having their entrance and exit over the common platform. The fact that the other rooms had become vacant does not, in our judgment, operate to discharge the defendant from his obligation to look after the safety of the stairs upon which he himself and all of his tenants in that part of the building depended in common with plaintiff, for the beneficial use of the premises. The reciprocal duties and obligations of the landlord and tenant with reference to ways or passages enjoyed in common are to be tested by their contract, and do not fluctuate or disappear and reappear, according as the other rooms or apartments to which the common passages are appurtenant may or may not be filled with tenants.

The general subject of the liability of the landlord for

the condition of entrances and hallways in buildings leased by him has been considered by this court on several occasions. *Burner v. Higman,* 127 Iowa 588; *Morse v. Houghton,* 158 Iowa 279, 282. See, also, *Watkins v. Goodall,* 138 Mass. 533; *Loney v. McLean,* 129 Mass. 33; *Starr v. Sperry,* 184 Iowa 540; *Peil v. Reinhart,* 127 N. Y. 381; *Siggins v. McGill,* 72 N. J. L. 263; 18 Am. & Eng. Encyc. of Law (2d Ed.) 220; 24 Cyc. 1116; all holding to the rule as contended for by the appellant.

The law as laid down by these authorities has the general approval of the courts. With the rule thus settled, the question left in the case is one of fact, on which there appears to be a conflict of evidence, the determination of which is for the jury.

There was no such state of facts developed on the trial as would justify the court in holding the plaintiff chargeable with assumption of risk, as a matter of law. The defendant testifies that he notified plaintiff of

3. NEGLIGENCE: choosing less safe of two ways.

the unsafe condition of the stairs, and that plaintiff knew their condition to be such that he could not safely use them; but this the plaintiff denies. If a jury should accept plaintiff's story in this respect, there was no assumption of risk. The same may be said upon the question of contributory negligence. Even if plaintiff did know that the stairs were old and dilapidated, or that the other stairway afforded a safer passage, it does not follow conclusively that he was negligent in using the front stairs; for if, as a reasonably prudent person, he had the right to believe, and did believe, that he could make the ascent in safety by exercising proper care, then a finding by the jury that he was not negligent should be upheld. *Kendall v. City of Albia,* 73 Iowa 241; *Nichols v. Incorporated Town of Laurens,* 96 Iowa 388; *Norris v. Cudahy Packing Co.,* 124 Iowa 748, 751.

It follows, we think, that the peremptory direction of

a verdict for defendant is not sustainable upon any of the
grounds assigned for it, and the judgment appealed from
must be reversed, and cause remanded for a new trial.—
*Reversed.*

LADD, GAYNOR, and STEVENS, JJ., concur.