D. D. REYNOLDS v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY.

No. 13,808.    (78 Pac. 801.)

SYLLABUS BY THE COURT.

RAILROADS — *Injury at Crossing — Contributory Negligence.* In attempting to pass over a rough and unsafe crossing of a railroad-track a teamster, who was standing upon loose, narrow dump-boards, lost his balance, fell from the wagon, and was injured. The crossing had been in the same unsafe condition for months, and the teamster was familiar with it and had knowledge of its unsafe condition for weeks prior to his injury. *Held,* in an action to recover from the railroad company, that, in ignoring the known danger and voluntarily attempting to go over the crossing while standing is such an insecure position, the plaintiff failed to exercise ordinary care for his own protection, and cannot recover.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed December 1, 1904. Affirmed.

Reynolds v. Railway Co.

*Joseph P. Rossiter*, for plaintiff in error.

*T. N. Sedgwick*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J. :   D. D. Reynolds, a teamster about sixty years old, had been engaged, prior to April 9, 1902, in hauling dirt with a mule team and lumber-wagon, at Coffeyville.  His work required him to pass along Market street and across the track of the Missouri, Kansas & Texas Railway Company, which intersected that street.  On each trip he crossed the railroad-track, first with a load and again when he returned with the empty wagon.  On the day mentioned, when returning, empty, he undertook to pass over the railroad-crossing while standing upon the loose dump-boards on the bottom of his wagon, and when the front wheel struck the rail he was shaken off the wagon and injured.  He brought an action against the railway company, alleging that his injury was the result of its negligence in not providing a suitable and safe crossing over its track ; that the boards at the crossing were worn, rotten, loose, uneven, and insecure ; that the boards nearest the rails were worn away, and that when the front wheels of his wagon struck the railroad-track, which crossed the street diagonally, the wheel slid along the track, jarring the wagon and causing him to fall.  The answer of the railway company was a general denial, together with the charge that the plaintiff was guilty of contributory negligence in standing upon the loose dump-boards on the wagon while passing over the crossing.  The jury returned a general verdict in favor of the plaintiff, and also special findings of fact.  Upon motion, the trial court gave judgment upon the special findings in favor of the railway company.

It is manifest that this ruling was made on the theory that the negligence of the plaintiff contributed to his own injury. The jury found that on April 9, 1902, the crossing was in bad condition and had been in that condition for from four to six months before that time. It must be assumed that the company was negligent in not making a better and safer crossing, but the character and condition of the crossing were well known to the plaintiff. He testified that on the day previous to the one on which he was hurt he crossed the track at this point eighteen times, and twice on the day of his injury, and that for three or four years before that time he had crossed there frequently, was perfectly familiar with the crossing, and knew that its condition was bad. The jury found that his fall and injury were caused from the slipping of the wheel on the rail and the sudden rise of the wagon ; that the plaintiff was familiar with the crossing and its condition at the time of his injury ; that the condition was bad, and such that he had to exercise great care to avoid injury, and that he had been familiar with the bad condition of the crossing for about three weeks before his injury.

The admissions of the plaintiff and the findings of the jury show that the plaintiff failed to exercise ordinary care for his own safety. To stand on the loose, narrow dump-boards of a wagon while driving along an ordinary highway is not free from danger, but to occupy that position when passing over a rough railroad-crossing was obviously unsafe. Manifestly, the sitting posture was the safer one, and this he should have taken. Taking an obviously perilous course one necessarily takes the risk, and must bear the consequences of his want of care. The crossing, as we have seen, had been in the same unsafe condition for

Reynolds v. Railway Co.

months.   He was familiar with its condition, and had been for weeks before the injury, and he necessarily knew the danger of crossing in the position which he took.   In *Artman v. K. C. Rly. Co.*, 22 Kan. 296, the plaintiff undertook to recover for an injury sustained while passing over an incomplete and dangerous crossing, and the court, in holding that his own negligence barred a recovery, remarked :

"He was familiar with the right of way ; the railroad-track, and the dangers of crossing ; he knew that an empty wagon could scarcely be driven over with safety, and yet, with this knowledge, with his eyes open as to the perils of trying to cross, he attempted to drive over with a hay-frame on his wagon, partially filled with hay and corn, and containing himself, three children, and Mr. Young.   Undoubtedly he hoped and expected to cross in safety, but it was a dangerous experiment, and one which was exceedingly unfortunate to him.   His misfortunes naturally excite sympathy, but give no legal claim in this kind of action for damages.   He was so negligent of his duty to himself, so wanting in care and diligence in his conduct, that the law will not afford him the relief which he seeks."

So, here, the plaintiff's want of care contributed so largely to his misfortune and injury that no recovery can be had against the defendant, and therefore the judgment of the district court must be affirmed.

All the Justices concurring.