## FT. SMITH & W. R. CO. v. SERAN.

No. 3922.  Opinion Filed October 27, 1914.

(143 Pac. 1141.)

**APPEAL AND ERROR—Railroads—Crossing Accident—Evidence—Harmless Error.** In an action for damages sustained in cross-ing the tracks of a railroad company at a public crossing al-leged to be in a dangerous condition, it was prejudicial error to exclude evidence offered by the defendant to show that there was another and perfectly safe crossing by which the

plaintiff might have crossed the tracks without inconvenient interruption to his journey.

(Syllabus by Galbraith, C.)

*Error from County Court, Okfuskee County;*

*W. E. Huser, Judge.*

Action by C. M. Seran against the Ft. Smith & Western Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

*C. E. & H. P. Warner,* for plaintiff in error.

*W. T. Banks,* for defendant in error.

Opinion by GALBRAITH, C. This appeal is from a judgment of the county court of Okfuskee county, rendered upon the verdict of a jury in an action for damages. It was charged in the petition that the plaintiff was driving his automobile along the public highway and across the tracks of the defendant company's road, at a public crossing near Okemah; "that said automobile was badly damaged on account of the defendant having negligently permitted the dirt and earth to work out from between the cross-ties in the said track, and from between the plank boards on each side of the rails, so that, when plaintiff attempted to cross over the said crossing, the wheels of his automobile fell down between the cross-ties and caused the flywheel on said automobile to strike the railroad track, breaking the same, together with the clutch, gear shaft, and other parts of the machinery of said automobile," alleging damages in the sum of $500. The answer was, first, a general denial; and, second, the affirmative defense of contributory negligence. The jury returned a verdict for the plaintiff in the sum of $300. To the order denying a new trial the defendant excepted, and appealed to this court.

The plaintiff testified at the trial that the crossing where the accident occurred was on the section line, and that it was a public crossing on the highway between Okemah and Castle; that he was familiar with the crossing, having crossed it frequently, and

knew that it was in bad condition; that he had started from Oke-mah to Castle on the afternoon of the day of the accident; that he drove upon this crossing without looking or thinking of its condition or the possibility of accident. The plaintiff's attitude at the time is shown by the following excerpt taken from his testimony on cross-examination:

"Q. Did you look before you reached that crossing to see whether or not the crossing was in a good state of repair? A. No, sir; I did not. Q. Did you pay any attention to it? A. No, sir. Q. Did you look to see whether the plank was gone from the ends of the ties on the south side of the railing before you drove onto it? A. No, sir; I never paid any attention to it at all. I just drove on it. I just threw the car on low and went upon it. I wasn't thinking anything about it until it was broken. Q. It was daylight when you drove along there, wasn't it? A. Yes, sir."

This testimony brings this case perilously near, if not within, the well-established rule of law that where one, with knowledge of the dangerous character of a public crossing, voluntarily drives upon it without the exercise of ordinary care, he assumes all the risks incident to the undertaking. The rule is announced by the Supreme Court of Georgia, in the third paragraph of the sylla-bus in the case of *Southern Ry. Co. v. Roe*, 2 Ga. App. 557, 59 S. E. 462:

"Where, with apparent full knowledge of the existence of a ditch in a public road, and without any emergency requiring it to be crossed, one endeavors to pass such an excavation, he will be treated as having voluntarily assumed all the usual risks incident to the attempt."

By the Supreme Court of Kansas, in *Corlett v. City of Leav-enworth*, 27 Kan. 673, the second paragraph of the syllabus reads:

"Where there is danger, and the peril is known, whoever en-counters it voluntarily and unnecessarily cannot be regarded as exercising ordinary prudence, and therefore does so at his own risk."

In the case of *Artman v. Kansas Central Ry. Co.*, 22 Kan. 296, Chief Justice Horton, speaking for the court in regard to this rule, said:

"A party cannot, with his eyes open, imprudently and recklessly walk or drive into a dangerous culvert, or an uncovered pitfall, left by a railway company, where, by contract or other duty, it is required to cover it safely, and then, notwithstanding his want of ordinary care, recover for his personal injuries inflicted by falling into such culvert or pitfall. This theory would relieve a party thus receiving injury from the exercise of any care. Upon this theory, the greater the carelessness and the grosser the negligence of the person injured, the greater the liability of the company. This doctrine is unsound. Every adult is presumed to be endowed with sufficient reason to enable him to exercise ordinary prudence, and the law demands that every such person must employ reasonable means to foresee and prevent injury."

In *Reynolds v. Missouri, Kansas & Texas Ry. Co.*, 70 Kan. 340, 78 Pac. 801, the syllabus reads:

"In attempting to pass over a rough and unsafe crossing of a railroad track, a teamster, who was standing upon loose, narrow dump boards, lost his balance, fell from the wagon, and was injured. The crossing had been in the same unsafe condition for months, and the teamster was familiar with it, and had knowledge of its unsafe condition for weeks prior to his injury. Held, in an action to recover from the railroad company, that, in ignoring the known danger and voluntarily attempting to go over the crossing while standing in such an insecure position, the plaintiff failed to exercise ordinary care for his own protection, and cannot recover."

The defendant was permitted to prove at the trial that there was another crossing one mile distant from this one where the accident occurred, and on the road between Okemah and Castle, that was perfectly safe, and that the plaintiff might have used with safety on this journey. After this evidence was admitted, upon motion, it was stricken and withdrawn from the jury. This action of the court is assigned as error.

This assignment is well taken. It was prejudicial error for the court to withdraw this testimony from the jury. One of the issues raised by the pleadings was whether or not the plaintiff had exercised due care in attempting to make the crossing, as he did, and whether or not the want of such care contributed to his injury. This evidence was competent and relevant to the issues. In *International & G. N. Ry. Co. v. Robertson* (Tex. Civ. App.) 27 S. W. 564, the second paragraph of the syllabus reads:

"Where, in an action against a railroad company for injuries received in driving over a defective railroad crossing, it appeared that plaintiff knew of the defect, and that there was another way open to plaintiff, the only objection to which was that there was a large sand bed in it, the jury should consider, in determining whether plaintiff was guilty of contributory negligence, not only whether he exercised sufficient care in driving over the crossing, but also whether, under the circumstances, an ordinarily prudent man would have attempted to cross there."

In *Cohn v. City of Kansas*, 108 Mo. 392, 18 S. W. 974, the Supreme Court of Missouri said:

"Two things must concur to entitle the plaintiff to recover in this class of cases. And, first, there must be a defect in the road by the fault of the defendant; second, there must be no want of ordinary care on the part of the plaintiff to avoid it."

In *Walker v. Decatur County*, 67 Iowa, 307, 25 N. W. 256, the first parargaph of the syllabus reads:

"In an action for an injury sustained in crossing an unsafe county bridge, it was error to exclude evidence offered by the county to show that there was another equally convenient and perfectly safe route by which plaintiff might have reached his destination. *Parkhill v. Town of Brighton*, 61 Iowa, 103 [15 N. W. 853], followed."

The plaintiff in error had a right to have this evidence submitted to the jury, and its withdrawal was prejudicial error, for which the judgment appealed from should be vacated, and the cause remanded to the county court of Okfuskee county for a new trial.

By the Court: It is so ordered.